Cyrus D. Hibbard, Appellant, *v.* Chauncey Ramsdell et al., Respondents.

On May 1, 1816, M., who owned a large tract of land executed a lease of a portion of it for three lives named for an annual rent reserved, which lease on February 18, 1879, had become vested in plaintiff who on that day entered into a written contract with defendant to sell him his right and interest for a sum to be paid in six annual installments; R. to pay also the annual rent reserved. There was no agreement on the part of plaintiff to apply for or take a new lease of the premises. At the time of making the contract none of the lives upon which the lease rested were in being, but neither party knew this. R. paid to plaintiff the rent reserved in the original lease in 1879 and 1880 and he paid it over to the representatives of the original lessor. R. also paid two installments under the contract. It was the custom of M. on the expiration of a lease to give the tenant in possession, if satisfactory, a chance to take a new lease for ten years at a rent to be determined by the appraisal of the rental value of the land made by the lessor or his agents. In June, 1880, the agent of M.'s successor in interest entered upon said premises and finding R. in possession leased the same to him at a newly appraised rent. The agent knew of the relations between plaintiff and R. H. brought this action to have the lease to R. declared to be for his benefit and held as security for the payment of the contract price on the sale by him of the original lease. *Held,* that no such confidential or fiduciary relations existed between the plaintiff and R. as would require the latter to assign his lease to the former ; that the relation created between them by their contract was not that of landlord and tenant or of trustee and *cestui que trust,* but a relation analogous

to that of vendor and vendee; and that therefor the action was not maintainable.

(Argued October 30, 1889; decided December 10, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 1, 1886, which affirmed judgment dismissing the complaint entered upon a decision of the court on trial at Special Term.

This action was for equitable relief, *i. e.*, that a certain lease dated October 1, 1880, made and executed to the defendant Ramsdell by defendant Dix, be declared to be made for the benefit of the plaintiff and held as security for the contract price upon the alleged sale of a lease-hold interest in the premises described in the lease by the plaintiff to Ramsdell, and that said purchase-price be adjudged to be a lien upon Ramsdell's lease-hold in the premises and that plaintiff's interest be declared prior to the interest of Ramsdell and that said Ramsdell be adjudged to account for the income and profits of the premises and that the plaintiff recover judgment for the amount due upon the purchase-price of the premises.

From the findings in the case, it appears that on the 1st day of May, 1816, John J. Morgan, who was seized in fee simple of the premises described in the complaint and in the lease, on that day executed a lease to Resolved W. Fenner during the lives of Christopher C. Fenner, John A. Fenner and Lydia Fenner and the survivor or survivors of them at the annual rent of twenty dollars and thereupon said lessee entered into the possession of the premises. At the date of the execution of said lease, Christopher C. Fenner was fifteen years of age; John A., seven years of age and Lydia about twelve years of age; that through divers mesne conveyances and assignments the lessee's interest became vested in the plaintiff, Cyrus D. Hibbard; that on the 18th day of February, 1879, said Hibbard and the defendant Ramsdell entered into a written contract by which the plaintiff agreed to sell and Ramsdell to purchase the said lease in consideration of

$800 to be paid in installments. At the time of entering into said contract neither party thereto knew the fact that none of the lives upon which the lease rested were then in being, which was the fact. Ramsdell entered into the occupation of the premises. Thereafter and on May 1st, 1879, and May 1st, 1880, the defendant paid the rent reserved in said lease to the plaintiff, which rent was paid by plaintiff to the original lessor, his heirs or assigns. The defendant Ramsdell has paid under said contract, two installments leaving due thereon some $604.90; at the time of the making of the contract between plaintiff and Ramsdell, it was not agreed between the parties, either in the contract or otherwise, that the defendant should take any renewal of the ease of the land in the name or for the benefit of the plaintiff nor for himself or for any other.

Prior to 1879, the defendant Dix succeeded to the rights of the original lessor, Morgan. Said Morgan had been, prior and at the time of giving the lease in question, the proprietor of some five or six thousand acres of land in Brookfields, Madison county, and said land had been leased to various persons under similar leases as the one under consideration and upon the expiration of these leases, if the land was not sold by the lessor, it was the custom to give the tenant in possession, if he was a satisfactory tenant, the first chance to take a new lease for the term of ten years, if he was willing to take the same and pay the rent fixed therefor, which rent was determined by the appraisal of the rental value of the land made by the lessor or his agents; that in June, 1880, the agent of the defendant Dix entered upon the land in company with one Wait Clark, a former agent, and found the defendant in possession and appraised the rental value thereof at $1,950, and fixed the annual rent at $58.50 and informed the defendant that he must take a new lease for ten years at that annual rent or that the lessor would lease the land to another person. Ramsdell made no representations as to the existence or non-existence of the plaintiff's interest in the premises or in the original lease and did not disclose the terms of the contract between plaintiff and himself nor were the terms called for by

the agent or alluded to in any manner.   In receiving the rent for 1879 and 1880 the name of the plaintiff was entered upon the rent book as the person who paid the rent.   At that time said Clark was an agent of the defendant Dix, kept the books with the receipt of the rent and knew the relations between the plaintiff and the defendant in respect to said land under said contract.   Shortly after the time when defendant Dix's, agent and said Clark made the appraisal and fixed the annual rent, he drafted a lease of said premises reserving an annual rent of $58.50 and determinable in ten years from its date and sent it to Ramsdell and the same was duly executed by the defendant Ramsdell and the defendant Dix.

Sometime after October 1, 1880, the plaintiff in this action learned of the execution of the lease from Dix to Ramsdell and in 1882, demanded that the latter pay the installments past due and unpaid upon the contract and assign to him said lease as security for the performance of said contract, which demand Ramsdell refused to comply with but offered the plaintiff $100 in discharge of further sums due upon said contract or offered to submit their differences to an arbitration. These offers the plaintiff declined and insisted upon his demand.   The plaintiff in March, 1882, tendered to Ramsdell the rent which he had paid under the new lease with interest thereon which tender the latter declined to accept.

The trial judge found as conclusion of law that at the date of the contract February 1879, the plaintiff had no leasehold interest in the land and transferred no estate to the defendant Ramsdell and that the plaintiff was unable to transfer to the defendant the leasehold which he contracted to sell.   That no fiduciary relations existed between the parties to this action in respect to the land or the original lease of May 1, 1816 or the lease of October 1, 1880 and directed a judgment, dismissing the complaint.

*John H. Gibson* for appellant.   It is entirely immaterial whether the original lease contains any actual covenant of renewal.   If one of several lessees secretly obtain a renewal

in his own name he will be treated as a trustee for all. (Wood's Land. Ten. 680; *Phyfe* v. *Wardell*, 5 Paige Ch. 268; *Burrell* v. *Bull*, 3 Sandf. Ch. 15; *Gibbs* v. *Jenkins*, 3 id. 130; *Anderson* v. *Lemon*, 8 N. Y. 236; *Ex parte Grau*, 1 B. & P. 376; *Palmer* v. *Young*, 1 Vern. 276; *Manlove* v. *Bale*, 2 id. 84; *Nesbitt* v. *Tredennick*, 1 Ball & B. 29–47; *Hamilton* v. *Dewey*, 1 id. 199; *Mulvany* v. *Dillon*, 1 id. 409; *Lucan* v. *Meritus*, 1 Wils. 34.) The contract of February 18, 1879, between plaintiff and defendant Ramsdell, created a fiduciary relationship between them. (2 Wash. on Real Prop. [4th ed.], 471; Willard on Real Est. 375; *Cowee* v. *Cornell*, 75 N. Y. 99–100; *In re Smith*, 95 id. 522; *Green* v. *Roworth*, 113 id. 470; 1 Story Eq. Jur. § 323.) Defendant is estopped by his contract. (*Mayor, etc.,* v. *Huntington*, 114 N.Y. 631.) Defendant cannot now claim that a legal remedy exists because he has not pleaded it. (*Ostrander* v. *Weber*, 114 N. Y. 95; *Mench* v. *F. Nat. Bank*, 4 Hun, 466.) The plaintiff was entitled to be protected in his tenant's right of renewal. (Wood's Land. Ten. 680, 681; *Phyfe* v. *Wardell*, 5 Paige, 628; *Bennett* v. *Vansyckel*, 4 Duer, 462; *Lee* v. *Vernon*, 5 Brown's Parl. Cas. [10 Eng. ed.], 1803; *Mitchell* v. *Read*, 61 N. Y. 135; *Mitchell* v. *Read*, 84 id. 556; *Struthers* v. *Pearce*, 51 id. 357; *Gibbs* v. *Jenkins*, 4 Sandf. Ch. 131; *Holdridge* v. *Gillespie*, 2 Johns. Ch. 30; *Featherstonhaugh* v. *Fenwick*, 17 Vesey, 298; *Pickering* v. *Vowles*, 1 Brown's C. C. 197.)

*Henry T. Utley* for respondent.

POTTER, J. We do not deem it necessary in disposing of this appeal, in view of the very able opinions delivered by the Special and General Terms of the court below, to enter into a very full or elaborate discussion.

The judgment of the court below might well be affirmed upon the views presented in those opinions. It was held upon a consideration of the facts found by the learned trial court in this action, that there was no confidential, fiduciary or trust relations between the plaintiff and the defendant,

Ramsdell, at least, none that should require the latter to assign to the former the lease from defendant Dix, as security for the installments owing to plaintiff under the contract of purchase and sale.

The appellant's counsel has cited upon his brief a large number of cases establishing and illustrating the relations of trust and confidence between partners, lessees, executors and trustees. I have examined most of the cases referred to and they do not hold or determine, as it seems to me, that the relations between the plaintiff and Ramsdell under the contract between them, are of that character. In this statement I assume there was no agreement express, or implied, that Ramsdell would apply for or take a new lease of the premises for an additional term, either for his benefit or that of the plaintiff, or at all. No such agreement is alleged in the complaint and the trial court has found there was none in fact. The plaintiff is therefore compelled to rely for the existence of the fiduciary relations, which he invokes to give him the right to the renewal lease, upon the lease and contract. Now it seems to me that the relations created between plaintiff and Ramsdell, by virtue of that contract are not at all those of landlord and tenant, or of trustee and *cestui que* trust, but are those, or are analogous to those, which exist between vendor and vendee. By the express terms of the contract the plaintiff agrees to sell to Ramsdell all the former's right, title and interest, to the premises embraced in the old lease, or original lease; said "interest consists of a leasehold, purchased by and assigned to the defendant Ramsdell, upon payment of $800," in installments with interest; said Ramsdell was also to pay the rent reserved in the original Morgan lease to plaintiff, and upon payment of said purchase money, the plaintiff agreed to execute and deliver an assignment of the Fenner lease to Ramsdell. This was but a contract by plaintiff to sell and by Ramsdell to purchase plaintiff's right, title and interest under the original lease. When this contract shall have been executed the result will be simply a quit claim deed without any covenants.

Thus it appears there were no covenants creating fiduciary or confidential relations, and the true relations as it seems to me are those which spring from the relation of vendor and vendee. From this relation the plaintiff claims that he is entitled to the second or renewal lease, or in other words, that the defendant Ramsdell was, in taking the new lease, the plaintiff's trustee or agent and made the new lease for the benefit of the plaintiff. I do not think the defendant Ramsdell owed the plaintiff any allegiance or duty of that character. In *Watkins* v. *Holman* (16 Peters, 54), it is said by the court in discussing such relations that "the relation of landlord and tenant in no sense exists between vendor and vendee." (*Osterhout* v. *Shoemaker*, 3 Hill, 513–518.) "The grantee takes the land to hold for himself and to dispose of it at his pleasure. He owes no faith or allegiance to the grantor, and he does him no wrong when he treats him as an utter stranger to the title."

It has been often held that the grantee in fee may purchase in an outstanding or hostile title to his grantor and fortify his own defective title, and thus make good to himself what his grantor's deed with his covenants failed to do. (*Kenada* v. *Gardner*, 3 Barb. 589.)

Was it ever claimed that a grantee under a deed containing the fullest covenants, but which conveyed no title to him because the grantor had none, could be compelled to give the title which such grantee had purchased from another, to his grantor, who took his money but gave him nothing for it? Or to state a case more nearly resembling the case under consideration, that a grantor who had no title and so conveyed to his grantee none, might nevertheless compel such grantee to convey to him the title purchased of another, so that the grantor might have good security for the payment of a mortgage which the grantee had given to him to secure the purchase-money when his deed conveyed nothing to the grantee.

It was found and not disputed, indeed it was alleged in the complaint, that at the time the plaintiff assumed to contract to sell the premises to Ramsdell, the former lease had expired

that there was no legal right in the lessee or assigns to compel a renewal. The renewal depended upon the option of the lessor, and that option depended upon such terms as to the amount of rent and character of the lessee as should suit the landlord, though preference was generally given the tenant in possession if he had the qualifications, and would assent to the terms dictated by the landlord as to the amount of rent and duration of the term of the new lease. If any duties spring from a contract in these circumstances, I should expect that one of them would be that the vendor who held the lease and must have known that it had expired, or nearly so, and had sold it for $800, should himself have undertaken to have it renewed. But if the vendor was not disposed to do this he should at least have reminded his vendee who had no knowledge or means of knowledge at hand as to the termination of the lease, and should have induced the vendee to procure the renewal of the lease. But the plaintiff took no agreement from Ramsdell to do so, and waited until the defendant had obtained a new lease at rent more than double that of the old lease, and for a term of only ten years and then demanded that the defendant should assign it to him to secure the payment of the purchase-price.

I am not unaware that there is a class of cases, from which the appellant has collected a large number, where the renewal of a lease upon the same terms will be held for the benefit of a mortgagee of the first lease-hold estate, or where one partner has obtained a renewal in fraud of the rights of his co-partner under certain circumstances. The reason of the rule in the case of a mortgagee, is because in the mortgage it was covenanted or the law implied a covenant of title and thereafter the mortgagor would be estopped from claiming that the title he had, had expired. But these principles are not applicable to this case.

I am not unmindful in the expression of these views that in one respect the relation between vendor and vendee entering under a contract to convey is analogous to the relation between landlord and tenant and that is this, that neither the tenant

nor such vendee will be heard to deny the title under which he entered into the possession of the premises.

That relation is based upon the principle of estoppel in the one case and in the other upon the principle that a party cannot rescind his contract without restoring what he has received under it, viz, possession.

When, however, either the tenant or such vendee has surrendered his possession he may contest his landlord's or his vendor's title in an action of ejectment by showing a better title derived from another or by any other legitimate defense.

But that principal is not involved in this case. The action is brought not to recover the possession of the premises contracted to be sold, but mainly to compel the defendant to assign to the plaintiff the rights which the defendant acquired under the new lease, to the end that plaintiff may hold and wield it as security for the payment of the purchase price of plaintiff's interest under the expired lease.

This is the equitable relief sought by the plaintiff in this action and I do not think he has shown himself entitled to it.

The judgment should be affirmed with costs.

All concur, except FOLLETT, Ch J., and HAIGHT, J., not sitting.

Judgment affirmed.