MARY JANE MATHER, Appellant, *v.* WILLIAM A. MATHER,
Defendant.

NELSON MORRIS and Others, Respondents, *v.* WILLIAM A.
MATHER, Defendant.

JAMES WHITE, Respondent, *v.* WILLIAM A. MATHER, Defendant.

ISAAC E. MATHER, Appellant.

*Confession of judgment — when it states "concisely the facts out of which the debt arose" — a misstatement as to the amount due constitutes perjury — the facts are sufficiently stated if they would constitute a good complaint.*

A confession of judgment for $4,200, which states: "This confession of judgment is for a debt or liability justly due, and to become due, to the said plaintiff from me, W. A. Mather, arising upon the following facts, viz.: The defendant has, from time to time, borrowed of the plaintiff money, and there is now due, and to become due, to this plaintiff from the defendant aforesaid the sum of forty-two hundred dollars ($4,200), for cash borrowed and interest thereon, for which plaintiff holds two promissory notes of this defendant, copies of which are hereunto set forth, viz.," followed by copies of the two notes, sufficiently complies with section 1274 of the Code of Civil Procedure, requiring a confession of judgment to "state concisely the facts out of which the debt arose."

*Semble,* that any misstatement as to the amount due would render the defendant liable to an indictment for perjury.

*Semble,* that a confession of judgment is sufficient, provided a complaint alleging the facts stated in the confession would not be demurrable.

APPEAL by Mary Jane Mather and Isaac E. Mather from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Rockland on the 28th day of October, 1898, granting the motion of the plaintiffs in the second and third of the above-entitled actions to vacate a judgment entered by confession in favor of Mary Jane Mather and against William A. Mather, and afterwards assigned to Isaac E. Mather.

*John W. Furman* [*William McCauley, Jr.,* with him on the brief], for the appellants.

*H. B. Bradbury,* for Morris and White, respondents.

GOODRICH, P. J.:

The confession of judgment contains the following:

" I, W. A. Mather, defendant herein, of the town of Ramapo, County of Rockland and State of New York, do hereby confess judgment in this court, in this action, in favor of Mary Jane Mather, plaintiff, for the sum of forty-two hundred dollars ($4,200), and hereby authorize her, Mary Jane Mather, plaintiff herein, her heirs, executors, administrators or assigns, to enter judgment therefor against me, W. A. Mather, defendant herein.

" This confession of judgment is for a debt or liability justly due, and to become due, to the said plaintiff from me, W. A. Mather, arising upon the following facts, viz. : The defendant has from time to time borrowed of the plaintiff money, and there is now due and to become due to this plaintiff from the defendant aforesaid the sum of forty-two hundred dollars ($4,200) for cash borrowed and interest thereon for which plaintiff holds two promissory notes of this defendant, copies of which are hereunto set forth, viz. :

"SLOATSBURGH, N. Y., *April* 1, 1897.

" One year after date I promise to pay to Mrs. Mary Jane Mather twenty-six hundred dollars, with interest, value received.

"W. A. MATHER.

"SLOATSBURGH, N. Y., *April* 1, 1898.

" One year after date I promise to pay to Mrs. Mary Jane Mather sixteen hundred dollars, value received.

"W. A. MATHER."

The opinion of the learned justice is as follows :

" The statement for judgment is insufficient. The requirement that ' it must state concisely the facts out of which the debt arose' (Code Civ. Proc. § 1274) was not fulfilled. The statement is principally of legal conclusions instead of precise facts by day, date and amount from which the legal conclusions could be drawn that the defendant loaned specific sums to the plaintiff, and that of the same the sum confessed has not been paid back. The statement that ' there is now due, and to become due,' a sum named is a conclusion of law, and there being no statement of fact from which such conclusion may be calculated and drawn it is nugatory. There should be a statement of facts so precise that any one could, therefrom, figure out and state the amount unpaid and calculate the interest

thereon. No one can read the varying decisions upon the subject with entire satisfaction, but I think the foregoing is the rule. (*Wood* v. *Mitchell*, 117 N. Y. 439.) The promissory notes without a statement of fact showing an indebtedness for the amounts for which they were given are insufficient (*Chappel* r. *Chappel*, 12 N. Y. 215), though it seems that an account stated without any facts to show what the indebtedness arose out of is sufficient. (*Critten* v. *Vredenburgh*, 151 N. Y. 536.) I do not for the moment perceive the distinction."

I fully assent to the suggestion of confusion of authorities which will appear by a fuller reference thereto.

The latest expression of the Court of Appeals is the case last cited, where that court, referring to *Wood* v. *Mitchell* (*supra*), practically reaffirmed its authority and held that it did not conflict with the previous case of *Broistedt* v. *Breslin* (105 N. Y. 682), which was an affirmance without opinion of a judgment at the General Term (5 N. Y. St. Repr. 67) and supported a confession of judgment containing the following statement: "This confession of judgment is for a debt justly due to the plaintiff arising upon the following facts: The defendant, at different times, borrowed of the plaintiff divers sums of money, and also purchased of the plaintiff horses, and on an accounting of their dealings together this day there was found to be due from the defendant to the plaintiff the sum of two thousand two hundred and ninety-eight dollars, and for which amount this confession is made." The court at General Term said: "It discloses the dealings and transactions from which the indebtedness arose, and then specifies the amount found due from the defendant to the plaintiff, upon an accounting between them, respecting such dealings, * * * While it is true that the statement in this case fails to specify the times at which the horses were sold, or the money loaned, or what particular proportion of the debt arose from either transaction, yet such defects were held insufficient to invalidate the judgment in the cases of *Freligh* v. *Brink* (22 N. Y. 419) and *Harrison* v. *Gibbons* (71 id. 58) and these authorities are sufficient to sustain the judgment in this action."

*Freligh* v. *Brink*, DENIO, J., writing, held sufficient a statement that the indebtedness arose on a promissory note "that amount of money being had by the defendants of the plaintiff, and upon which

there is this day due," etc.   The learned writer said : " It would be hypercritical to hold this not to be a statement that the note was given for so much money that the defendants had received of the plaintiff, and when it is added that the sum for which the judgment was confessed, which is less than the amount of the note and interest thereon, is justly due from the debtors to the creditor, it is sufficiently shown that the money was had by the debtors under a contract to repay it with interest.   This shows it to have been money borrowed by the parties who gave the note."

In the other case cited (*Harrison* v. *Gibbons*) the court, ANDREWS, J., writing, reversed a judgment which held bad a confession in which the statement was that the defendant before a long absence from the State, " had obtained groceries, provisions, crockery, money, flour, etc., to the amount of $1,109.41, including interest, of John Owens, who has duly assigned the same to said Harrison ; that since his return to said Brockport he has incurred a debt to said Harrison amounting to the sum of $92.28, being for groceries, provisions furnished by said Harrison for the use of his family ; that there is now justly due and owing said Harrison, over and above all effects and payments, the sum of $1,207.69."

It seems to me that the statements under consideration in the last three decisions were far more open to criticism than is the one in the case at bar, and I cannot see that the statement here is not as full as that in the *Broistedt* case which intermingles loans of money and purchases of horses.   True, the *Broïstedt* case alleges that there was an accounting of their dealings, but an allegation of " an accounting " is not equivalent to an allegation of an account stated, which was the point upon which the court in the *Critten* case held the confession sufficient.

In the Encyclopædia of Pleading and Practice (Vol. 1, p. 88) it is said : " To enable one to recover as upon an ' account stated ' he must declare upon it as such," although no citation of New York authorities is made.

The question here seems to be whether the statement meets the language of *Wood* v. *Mitchell* (*supra*) : " The concise statement of facts out of which the indebtedness arose is required so that any party interested may be able to investigate the matters and thus ascertain whether the confession of judgment was accurate, honest

and *bona fide*. It may also be supposed that it was the purpose of the Legislature that the statement of facts should be so definite that the affiant would be exposed to punishment for perjury in case of any misstatement. This statement is in the highest degree indefinite. The moneys are alleged to have been loaned at various times during a period of nearly two years. There is absolutely no information as to the amount of the loans. They may have amounted to $10,000 or $100,000, the indebtedness having been reduced by payments or offsets to less than $5,000. No dates of the loans are given, and it is not stated how much of the $5,000 was for interest and how much for principal. The statement should, at least, have stated the interest and principal separately, or have given the data from which the amounts of the two items could be ascertained."

In the first place it is to be observed that section 1274 of the Code of Civil Procedure requires that a confession of judgment " must state concisely the facts out of which the debt arose." Turning to section 481 we find that a complaint must contain " a plain and concise statement of the facts constituting each cause of action." I know of no reason why, under these two sections, anything more is required in a confession than is required in a complaint. If the statement in this confession had formed the allegations of a complaint, can it be said that it would have been demurrable? It alleges not only a loan, but notes given in consideration thereof. A complaint under section 534 may set forth a copy of a note and allege that there is due thereon a specified sum. What reason is there why a confessor of judgment should be bound to a more specific statement than is required in a complaint? I think that the present statement " states concisely the facts out of which the debt arose," in full compliance with the requirements of section 534.

But let us refer to the requirements of the opinion in *Wood* v. *Mitchell* (*supra*). There seems to me to be a " concise statement of facts out of which the indebtedness arose." Section 1274 requires only " a concise " (not a detailed) " statement of the facts out of which the debt arose." It would seem that a person interested could just as easily ascertain from the statement in question whether the " judgment was accurate, honest and *bona fide*," as he could in the *Broistedt* case, where the statement was that the defendant at different times had borrowed money and purchased horses of the

plaintiff, and that " on an accounting of their dealings together this day there was found to be due," etc.   The present statement has an equivalent in the allegation of the giving of notes and the setting out of a copy of such notes.

The next suggestion in the opinion is that the defendant must be exposed to punishment for perjury in case of any misstatement. Certainly, if the defendant had not borrowed money and there was not due " the sum of forty-two hundred dollars ($4,200) for cash borrowed and interest thereon for which plaintiff holds " the two promissory notes, he could be indicted for perjury, just as certainly as if he had stated the date and the amount of each loan.   The court also said that there was no information as to amount of principal and amount of interest.   But it is to be noticed in the case at bar that the confession is simply for the principal of the notes, without interest, so that it is not open to the last criticism.   The only other fault dealt with in *Wood* v. *Mitchell* (*supra*) was that the confession did not state the amount of the loans and whether there had been payments or offsets.   I think this is met in the present case by the setting out of the notes, which is just as much an accounting as anything can be short of a technical account stated.

Recurring once more to *Wood* v. *Mitchell*, the statement reads as follows : " This confession of judgment is for a debt now justly due to the said plaintiff from me arising from the following facts, viz., the said sum of $5,000 is a balance due to said plaintiff of various sums of money loaned and advanced by him to me, the said defendant, during a period from about July 1, 1886, to date, and includes interest upon such loans and advances to this date."

It is evident that this statement is not as particular as the statement in the case at bar.

After a careful comparison of the authorities, and on the authority of *Freligh* v. *Brink, Harrison* v. *Gibbons,* and *Broistedt* v. *Breslin,* we are of the opinion that the confession of judgment in the present case complies with the requirements of section 1274 of the Code of Civil Procedure, and that the order should be reversed.

All concurred.

Orders reversed and motions denied, with ten dollars costs and disbursements on appeal, and ten dollars costs of motion in one case.