## In re GRAY.

(Supreme Court, Appellate Division, Second Department.  December 30, 1915.)

Appeal from Special Term, Westchester County.

In the matter of the application of George Gray to vacate and set aside a prior judgment in favor of Shirley S. Lloyd.  From an order granting the motion and resettling the order for judgment, Lloyd appeals.  Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON and PUTNAM, JJ.

Louis H. Solomon, of New York City, for appellant.

Thomas C. McDonald, of New York City, for respondent.

PER CURIAM.  Order affirmed, with $10 costs and disbursements.

THOMAS, STAPLETON, and PUTNAM, JJ., concur.

CARR, J. (dissenting).  One Forbes made a confession of judgment in favor of Shirley S. Lloyd.  Judgment was entered thereon, which became an apparent lien on Forbes' real property.  Subsequently Gray obtained a judgment against Forbes in a libel action.  Gray made an application to this court at Special Term to cancel the judgment entered in favor of Lloyd.  The motion was granted; hence this appeal by Lloyd.

There is only a question of law involved, but it is one that has been rendered intricate and unsatisfactory by a long list of inharmonious precedents.  Mrs. Lloyd's judgment was vacated on the ground that Forbes' confession did not comply with subdivision 2 of section 1274 of the Code of Civil Procedure, which prescribes the legal requirements of a confession of judgment.  Subdivision 2 of that section is the one in point.  It reads as follows:

"If the judgment to be confessed is for money due or to become due, it must state concisely the facts, out of which the debt arose; and must show, that the sum confessed therefor is justly due, or to become due."

The confession reads, in part, as follows:

"This confession of judgment is for a debt now justly owing by me to the plaintiff, arising from the following facts: On the 18th day of January, 1910, I made my promissory note in writing, whereby I promised to pay to the order of Shirley S. Lloyd, the plaintiff herein, two years after the date thereof, $1,000, together with interest upon such amount at the rate of 6 per cent. per annum, payable semiannually from the said 18th day of January, 1910.  The said note was delivered by me to the plaintiff herein for value.  When said note became due and payable, the same was duly presented for payment, and payment demanded, but the same was not paid.  Plaintiff is now the lawful owner and holder of said note, and no part thereof has been paid except interest, and I owe the full amount thereof, amounting to $1,000, with interest from the 18th day of January, 1913, at the rate of 6 per cent. per annum."

I think it is evident that this confession states facts which, if stated in a complaint in an action against him by Mrs. Lloyd, would have set forth a good cause of action.  Is that enough?  This court, in

Mather v. Mather, 38 App. Div. 32, 55 N. Y. Supp. 973, declared a rule that a statement of facts in a confession of judgment would be sufficient if it complied with the requirements of statement of facts in a complaint. The only criticism that can be made of the statement of facts in the confession, is that the nature and extent of the "value" or consideration for which the note was given, does not appear. The statement condemned in Chappel v. Chappel, 12 N. Y. 215, 64 Am. Dec. 496, where judgment was confessed upon promissory notes, made no reference whatever to a consideration for the notes. There was a similar defect in the confession of judgment condemned in Dunham v. Waterman, 17 N. Y. 9, 72 Am. Dec. 406.

These early decisions have been distinguished. Acker v. Acker, 40 N. Y. (1 Keyes) 291. However, in Wood v. Mitchell, 117 N. Y. 439, 22 N. E. 1125, this question of law was again considered in the Court of Appeals, and a confession of judgment was condemned as defective, because, in the opinion of the court, it was not sufficiently definite to enable a junior creditor to investigate the facts or to sustain a prosecution for perjury for any false statements set forth therein. In Mather v. Mather, ut supra, this court considered the case of Wood v. Mitchell, ut supra, in the light of its own facts. If it be the true rule that the sufficiency of the confession of judgment is to be determined on the principle of the sufficiency of a complaint against the judgment debtor, and we feel bound by our former decision upon this point, then the order entered at Special Term was erroneous.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

JENKS, P. J., concurs.