Charles Wood, Appellant, v. William Mitchell, Respondent.

Robert Parkinson, Respondent, v. William Mitchell, Appellant.

A judgment by confession for $5,000 was entered February 21, 1888; the facts out of which the debt arose were set forth in the statement upon which it was entered as follows: " The said sum of $5,000 is a balance due to said plaintiff of various sums of money loaned and advanced by him to me, the said defendant, during a period from July 1, 1886, to date, and includes interest upon such loans and advances to this date." *Held*, that said statement was too indefinite and deficient to meet the requirements of the Code of Civil Procedure (§ 1274); and that the denial of a motion upon the part of a subsequent judgment-creditor of the defendant to set aside the judgment was error.
*Wood* v. *Mitchell* (53 Hun, 451) reversed.

(Argued November 25, 1889; decided December 3, 1889.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made February 4, 1889, which affirmed an order of Special Term, denying a motion on the part of the appellant, plaintiff in the action first above

entitled, to set side a judgment by confession in the action second above entitled.

Said appellant recovered a judgment in his action on March 8, 1888 ; the judgment by confession was for $5,000 ; it was entered February 21, 1888.

The facts, so far as material, are stated in the opinion.

*James C. Bergen* for appellant. The making of the confession and entry of judgment thereon during the time the entry of Wood's judgment was delayed by the extension of time to answer, was an act of bad faith and fraudulent as to the rights of Wood. (*Smith* v. *Bowen,* 2 Wend. 245 ; 22 id. 620 ; *Read* v. *French,* 28 N. Y. 294 ; *Wilmerdings* v. *Fowler,* 15 Abb. Pr. [N. S.] 86 ; *Wilson* v. *Ferguson,* 10 How. Pr. 175 ; *Jacques* v. *Greenwood,* 12 Abb. Pr. 232.) The judgment confessed in favor of Parkinson by Mitchell is not in compliance with the provisions of section 1274 of the Code. (Code of 1864, § 383, sub. 2 ; *Clements* v. *Gerow,* 1 Abb. Ct. of App. Dec. 372 ; *Acker* v. *Acker,* Id. 1 ; *Daly* v. *Matthews,* 20 How. Pr. 270 ; *McDowell* v. *Daniels,* 38 Barb. 147.) The Special Term order was made upon facts which were not properly before it. (*McDowell* v. *Daniels,* 38 Barb. 148 ; *Dunham* v. *Waterman,* 17 N. Y. 9 ; *Daly* v. *Mathews,* 20 How. 274.) A judgment taken on confession may be set aside for defects at the instance of a junior judgment-creditor on motion. (*Chappel* v. *Chappel,* 12 N. Y. 215 ; *Dunham* v. *Waterman,* 17 id. 9 ; *Winnebrenner* v. *Edgerton,* 8 Abb. Pr. 420.)

*Everett D. Barlow* for respondent. The confession of judgment complies with the requirements of the Code of Civil Procedure. (Code Civ. Pro. § 1274 ; *Lansing* v. *Carpenter,* 20 N. Y. 447 ; *Gandell* v. *Finn,* 1 Keyes, 217 ; *Marvin* v. *Marvin,* 15 Week. Dig. 329 ; *Johnson* v. *McAusland,* 9 Abb. 214 ; *Brosstedt* v. *Breslin,* 42 Hun, 656 ; 5 N. Y. S. R. 67 ; *Frelegh* v. *Brink,* 22 N. Y. 419 ; *Harrison* v. *Gibbons,* 71 id. 58 ; 105 id. 682.)

EARL, J. The Code, section 1274, provides that the written statement upon which a judgment by confession may be entered, if the judgment to be confessed is for money due, or to become due, "must state concisely the facts out of which the debt arose;" and this was also the requirement of the Code of Procedure. (§ 383.)

It is claimed on behalf of the moving party here that the statement upon which the judgment assailed was entered does not comply with this requirement. It is as follows: "This confession of judgment is for a debt now justly due to the said plaintiff from me arising from the following facts, viz.: the said sum of $5,000 is a balance due to said plaintiff of various sums of money loaned and advanced by him to me, the said defendant, during a period from about July 1, 1886, to date and includes interest upon such loans and advances to this date."

Many decisions construing section 383 of the Code of Procedure and section 1274 of the present Code have been made. But no decision has come to our attention holding that such an indefinite and deficient statement as the one here is sufficient. The concise statement of facts out of which the indebtedness arose is required so that any party interested may be able to investigate the matters and thus ascertain whether the confession of judgment was accurate, honest and *bona fide*. It may also be supposed that it was the purpose of the legislature that the statement of facts should be so definite that the affiant would be exposed to punishment for perjury in case of any misstatement. This statement is in the highest degree indefinite. The moneys are alleged to have been loaned at various times during a period of nearly two years. There is absolutely no information as to the amount of the loans. They may have amounted to $10,000 or $100,000, the indebtedness having been reduced by payments or offsets to less than $5,000. No dates of the loans are given, and it is not stated how much of the $5,000 was for interest and how much for principal. The statement should, at least, have stated

the interest and principal separately, or have given the data from which the amounts of the two items could be ascertained. If this statement should be held sufficient, the statutory requirement would be substantially nullified.

We are, therefore, of opinion that the orders of the General and Special Terms should be reversed and the motion granted, with costs to the appellant of appeal to the General Term and to this court, and $10 costs of the motion.

All concur, except Danforth and Peckham, JJ., not voting.

Ordered accordingly.