## TILLES *v.* ALBRIGHT *et al.*

### *(Supreme Court, General Term, First Department.*　March 31, 1892.)

JUDGMENT BY CONFESSION—SUFFICIENCY OF STATEMENT.

A statement for judgment by confession, in which no uncertainty exists as to the amount due for moneys loaned between specified dates, and stating how much is due for principal and how much for interest, sufficiently complies with 'Code Civil Proc. § 1274, subd. 2, providing that such a statement must state concisely the facts out of which the debt arose. *Wood* v. *Mitchell*, 22 N. E. Rep. 1125, 117 N. Y. 439. distinguished.

Appeal from special term, New York county.

Action by George Tilles against Charles H. Albright and another. Frederick S. Passavant and others, junior creditors of defendants, move to set aside a judgment confessed by them in favor of plaintiff. From an order denying the motion the moving parties appeal. Affirmed.

Argued before VAN BRUNT, P. J., and INGRAHAM and O'BRIEN, JJ.

*Carter, Pinney & Kellogg,* (*George M. Pinney, Jr.,* of counsel,) for appellants. *George W. Galinger,* for respondent.

PER CURIAM. The ground upon which the motion was made is the insufficiency of the statement upon which the judgment was confessed. In view of what is held in the case of *Harrison* v. *Gibbons,* 71 N. Y. 58, which arises under the provisions of the old Code, substantially similar to the provisions of section 1274 of the new Code, which provides as to what is requisite and necessary in judgments by confession, we think that the statement which was made the basis of the judgment by confession in this action was sufficient. In the case of *Wood* v. *Mitchell,* 117 N. Y. 439, 22 N. E. Rep. 1125, referred to by the appellant, it will be found that the statement was essentially different from the one in the case at bar. It was said in the case cited: "The statement is in the highest degree indefinite. The moneys are alleged to have been loaned at various times during a period of nearly two years. There is substantially no information as to the amount of the loans. They may have amounted to $10,000 or $100,000, the indebtedness having been reduced by payments or offsets to less than $5,000. No dates of the loans are given, and it is not stated how much of the $5,000 was for interest, and how much for principal." In this case, although the statement alleges that the moneys were loaned and advanced in numerous and divers sums between two dates, which are specified, no uncertainty exists as to the aggregate amount of the loans which is therein stated. It also appears how much of the amount is for interest, and how much for principal. As the objections made to the sufficiency of the statement in *Wood* v. *Mitchell* are not present in this case, we are inclined to think that rather than an authority against, it is one in favor of, the sufficiency of the statement upon which the judgment in the case at bar was confessed. The order should be affirmed, with $10 costs and disbursements. All concur.