CRITTEN et al. v. VREDENBURGH.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

JUDGMENT BY CONFESSION—STATEMENT BY DEFENDANT.

A statement by defendant for confession of judgment that transaction were had between himself and plaintiff whereby plaintiff performed services for and loaned money to defendant, and that thereafter, at a certain time, there was an adjustment of accounts between them concerning said matters, and a certain sum was found due plaintiff, which defendant promised to pay, sufficiently shows an account stated, so as to sustain the entry of a confessed judgment, under Code Civ. Proc. § 1274.

Appeal from special term, Albany county.

Action by Defrees Critten and others against Charles W. Vredenburgh. There was a judgment by confession for plaintiffs, and, from an order, the Manufacturers' Bank of Cohoes, an attaching creditor of defendant, appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Charles F. Doyle, for appellant.

Simpson & Werner (S. W. Rosendale, Zeb. A. Dyer, and A. J. Simpson, of counsel), for respondents.

PUTNAM, J. The statement of the defendant upon which the judgment in this case was entered (after alleging that between the 1st day of March, 1893, and the 1st day of October, 1895, the plaintiffs, as co-partners in the city of New York, "loaned and advanced

to me divers and sundry sums of money, which I agreed to repay them with interest, and also did and performed work, labor, and services for me in selling merchandise upon commission, and guarantying the accounts for the same") set forth that on the 1st day of October, 1895, there was an adjustment of the accounts between said plaintiffs and defendant concerning the said matters, and the sum of $19,879.02 was found due the former, which the latter agreed to pay, with interest. The statement, therefore, besides the general averment above quoted, as to money loaned and labor and services performed by the plaintiffs for the defendant, alleged facts showing an account stated. 1 Rum. Prac. 312, 313; 1 Abb. Forms, 262. An account stated is conclusive between the parties, unless impeached for fraud or mistake. Lockwood v. Thorne, 11 N. Y. 170, and cases there cited. The statement, therefore, had as much force as if it had averred an adjustment of accounts on October 1, 1895, and the giving of a note by the defendant to the plaintiffs. A note would have been no more binding and conclusive than an account stated. In this view of the case, the statement was sufficient, as held in Freligh v. Brink, 22 N. Y. 418; Ely v. Cooke, 28 N. Y. 365. These cases were cited with approval by Andrews, J., in Harrison v. Gibbons, 71 N. Y. 58–62.

Counsel for the appellant calls our attention to Wood v. Mitchell, 117 N. Y. 439, 22 N. E. 1125. We do not regard that case as a parallel one. The statement there considered and condemned by the court of appeals contained no averment of an account stated between the parties. It alleged no adjustment or settlement. It was similar to the above-quoted preliminary portion of the statement under consideration, omitting the most important allegation of fact therein as to an account stated. It cannot be held, therefore, that the court of appeals, in Wood v. Mitchell, overruled the doctrine in Freligh v. Brink and Ely v. Cooke, supra, and kindred cases. In Broisted v. Breslin, 5 N. Y. St. Rep. 67, affirmed 105 N. Y. 682, a statement averring an account stated, and similar to the one under consideration, was held sufficient, under the provisions of section 1274 of the Code of Civil Procedure. The affirmance in the court of appeals was without opinion, and without formally adopting the opinion of the court below. But it has been held in such a case that "it is not to be understood that the affirmance is on grounds substantially different from those taken below." Higgins v. Crichton, 98 N. Y. 626. The case of Wood v. Mitchell, supra, on which a statement quite unlike that considered in Broisted v. Breslin was condemned, does not overrule the principle established in the latter case, nor compel us to hold that the statement under consideration is insufficient, under the provisions of section 1274 of the Code of Civil Procedure.

We think the other objections to the judgment suggested by the learned counsel for the appellant were properly disposed of by the court below, and do not require discussion.

The order should be affirmed, with costs. All concur.