DEFREES CRITTEN et al., Respondents, *v.* CHARLES W. VRE-
DENBURGH. THE MANUFACTURERS' BANK of Cohoes,
Appellant.

CONFESSION OF JUDGMENT — STATEMENT. The requirements of the
statute (Code Civ. Pro. § 1274, subd. 2), as to the statement to be made
by the defendant on confessing judgment for money due, are satisfied
when the statement shows an account stated between the parties upon a
certain day and a resulting indebtedness for a certain sum, with interest
thereon from the day of the accounting, and indicates, similarly to a
pleading, the facts out of which the indebtedness arose and the form which
it assumed in the account stated.

*Critten* v. *Vredenburgh,* 4 App. Div. 216, affirmed.

(Argued January 18, 1897; decided January 26, 1897.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered April
16, 1896, which affirmed an order of Special Term denying a
motion by an attaching creditor of the defendant Vreden-
burgh to set aside a confession of judgment made by the said
defendant to the plaintiff, upon the ground, among others,
that the statement in the confession of judgment did not state
sufficiently the facts out of which the debt arose.

The Appellate Division granted leave to the attaching
creditor to appeal to this court from the order of affirmance,
and certified this question for consideration : " Was the state-
ment sufficient under subdivision 2 of section 1274 of the
Code of Civil Procedure ? "

The statement in the confession is that between March 1,
1893, and October 1, 1895, the plaintiffs " loaned and advanced
to me divers and sundry sums of money which I agreed to
repay them with interest, and also did and performed work,
labor and services for me in selling merchandise for me upon
commission and guaranteeing the accounts of the same ; on
October 1, 1895, I had an adjustment of accounts with said
co-partnership concerning all the said matters, whereby it was
found that I was justly indebted to them in the sum of
$19,879.02, which sum they thereupon demanded from me,

and which amount I agreed to pay to them; no part, however, of said sum has been paid, and there is still due and owing to them from me the full and true sum of $19,879.02, with interest thereon from October 1, 1895."

*Charles F. Doyle* for appellant. The confession does not state concisely the facts out of which the debt arose. It fails to meet the requirements of section 1274 of the Code of Civil Procedure. (*Wood* v. *Mitchell*, 117 N. Y. 439; *Dunham* v. *Waterman*, 17 N. Y. 9; *Davis* v. *Morris*, 21 Barb. 152; *Boyden* v. *Johnson*, 11 How. Pr. 503; *Freligh* v. *Brink*, 22 N. Y. 419; *Harrison* v. *Gibbons*, 71 N. Y. 62; *Miller* v. *Earle*, 24 N. Y. 112; *F. C. N. Bank* v. *Doty*, 41 Hun, 76; *C. Nat. Bank* v. *Allison*, 37 Hun, 137; *Higgins* v. *Crichton*, 98 N. Y. 626.) The opinion at Appellate Division that this confession is as definite as a complaint should be in an account stated, and for that reason should be held sufficient, is erroneous. (*Cudliff* v. *Whipple*, 1 Abb. Pr. 106; *Fulton* v. *M. L. Ins. Co.*, 4 Misc. Rep. 76.) This judgment can be attacked by an attaching creditor. (*Frost* v. *Mott*, 34 N. Y. 253; *Galle* v. *Tode*, 74 Hun, 542; 148 N. Y. 270; *Lowber* v. *Mayor, etc.*, 15 How. Pr. 123; *People ex rel.* v. *Van Buren*, 136 N. Y. 252; *Tennebaum* v. *Rosswog*, 22 Abb. [N. C.] 346; *Kellar* v. *Payne*, 22 Abb. [N. C.] 352; *Brook* v. *Foster*, 20 Abb. [N. C.] 200; *Bates* v. *Plonsky*, 28 Hun, 112.) The affidavit and attachment of the attaching creditor herein were legal, valid and sufficient. (*Garson* v. *Brumberg*, 75 Hun, 336; *Smith, Perkins & Co.* v. *Wilson*, 76 Hun, 565; *Sturz* v. *Fischer*, 15 Misc. Rep. 410.)

*Benjamin N. Cardozo* for respondents. The statement verified by the defendant contains a clear and concise description of the nature and origin of the indebtedness, and fully satisfies the requirements of the provisions of the Code. (*Broistedt* v. *Breslin*, 5 N. Y. S. R. 67; 42 Hun, 656; 105 N. Y. 682; *Harrison* v. *Gibbons*, 71 N. Y. 58; *Freligh* v. *Brink*, 22 N. Y. 418; *Ely* v. *Cooke*, 28 N. Y. 365; *Lanning*

68

v. *Carpenter*, 20 N. Y. 447; *Neusbaum* v. *Keim*, 24 N. Y. 325, 328; *Hopkins* v. *Nelson*, 24 N. Y. 518; *Murrin* v. *Marrin*, 27 Hun, 601; 92 N. Y. 644; *Weil* v. *Hill*, 71 Hun, 133; *Miller* v. *Kosch*, 74 Hun, 50.) That the ruling in *Wood* v. *Mitchell* should not be extended to cases not directly within the scope of that decision is apparent from a recent adjudication of this court as to the sufficiency of a confession. (*Ball* v. *A. C. N. Bank*, 149 N. Y. 593.) If, however, it should be deemed that the statement requires amplification, there was abundant power in the court below to permit an amendment to be made in the manner suggested by the respondents, and the matter in that event should be remitted to the Special Term for the exercise of its discretion upon the motion for such relief. (*N. P. Bank* v. *Solomon*, 17 Civ. Pro. Rep. 8; *U. Bank* v. *Bush*, 36 N. Y. 631; *Mitchell* v. *Van Buren*, 27 N. Y. 300; *Ingram* v. *Robbins*, 33 N. Y. 409; *Hammond* v. *Bush*, 8 Abb. Pr. 152; *Symson* v. *Selkeimer*, 105 N. Y. 660; *Cook* v. *Whipple*, 55 N. Y. 150; *Davis* v. *Morris*, 21 Barb. 152.) There is no force in the contention that the plaintiffs by their motion to amend the judgment have admitted that the statement is defective. (*U. Bank* v. *Bush*, 36 N. Y. 631.) The allegations of the moving papers are insufficient to justify the court in vacating the judgment by confession at the instance of an attaching creditor. (*Miller* v. *Earle*, 24 N. Y. 110; *Read* v. *French*, 28 N. Y. 285; *Kain* v. *Larkin*, 131 N. Y. 300; *Payne* v. *Sheldon*, 63 Barb. 169; *U. Bank* v. *Bush*, 36 N. Y. 631; *Ludenbury* v. *C. Bank*, 148 N. Y. 202; *Whitney* v. *Davis*, 148 N. Y. 256; *People ex rel.* v. *Van Buren*, 136 N. Y. 252; *Robinson* v. *I. R. Co.*, 135 U. S. 522; *Jacobstein* v. *Abrams*, 41 Hun, 272.) As the order appealed from is one which finally determined a special proceeding, it is appealable to this court as of right; the order of the Appellate Division permitting the appeal was surplusage; and, hence, not only the question certified, but all other questions suggested by the record, may properly be reviewed. (*U. Bank* v. *Bush*, 36 N. Y. 631; *Belknap* v. *Waters*, 11 N. Y. 477.)

*Per Curiam.* The statement in the confession of judgment is quite similar in its effect to that which was under consideration in *Broistedt* v. *Breslin* (105 N. Y. 682). We there affirmed an order below, which denied a motion to set aside a judgment by confession on the ground of the insufficiency of the statement on which it was entered. The confession in that case read that it was "for a debt justly due to the plaintiff, arising upon the following facts: The defendant, at different times, borrowed of the plaintiff divers sums of money, and also purchased of the plaintiff horses, and on an accounting of their dealings together this day, there was found to be due from the defendant to the plaintiff, the sum of $2,298." The denial of the motion in the *Broistedt* case was rested, in the opinion of the General Term of the second department, upon the cases in this court of *Freligh* v. *Brink* (22 N. Y. 418) and *Harrison* v. *Gibbons* (71 N. Y. 58). There, as here, the statement showed an account stated between the parties and a resulting indebtedness. There was enough in either statement to comply with the statute, which requires that it shall be concise, and it is not material that there was not greater particularity or definiteness in regard to the times and amounts of the loans of money, or of the sales of merchandise upon commission. This statement satisfies the object of the statute, because it indicates the facts out of which the indebtedness arose and the form which it assumed in the account stated between the parties. The case of *Wood* v. *Mitchell* (117 N. Y. 439) does not conflict with the previous case of *Broistedt* v. *Breslin,* and is not an authority in conflict with the view we take of the present case. In *Wood* v. *Mitchell* the confession of judgment was "for a debt now justly due to the said plaintiff from me, arising from the following facts, viz.: The said sum of $5,000 is a balance due to said plaintiff of various sums of money loaned and advanced by him to me, the said defendant, during a period from about July 1, 1886, to date, and includes interest upon such loans and advances to this date." That statement was quite different in its effect from the one in question. Its facts were pecu-

liar and we were quite warranted in holding that their indefiniteness vitiated the confession of judgment. The statement was vague, while the present one sets forth, similarly to a pleading, an account stated upon a certain day, and claims interest upon the sum then found to be due upon the adjustment of accounts from that day.

We think the question certified to us should be answered in the affirmative, and that the order appealed from should be affirmed, with costs.

All concur.

Order affirmed.