(20 App. Div. 532.)

## BLACKMER v. GREENE.

(Supreme Court, Appellate Division, Third Department. October 1, 1897.)

1. JUDGMENT ON CONFESSION—STATEMENT—REQUISITES.

The statement, "This confession of judgment is for a debt and liability justly due to the said plaintiff, arising upon the following facts, viz. being for a balance due for goods, wares, and merchandise sold and delivered to me, F. C. G., by the plaintiff, W. W. B., and remaining unpaid and unsecured," does not meet the requirements of Code Civ. Proc. § 1274, subd. 2, providing that the statement "must state concisely the facts out of which the debt arose, and must show that the sum confessed therefor is justly due," etc.

2. SAME—AMENDMENT—WHEN IMPROPER.

Permission will not be granted to amend such statement as against a subsequent judgment creditor, who brings a motion to vacate the judgment based thereon.

Appeal from special term, Saratoga county.

Motion by John H. Robinson to set aside a judgment rendered in favor of William W. Blackmer against Fred C. Greene on his confession. From an order denying the motion, movant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Edgar T. Brackett, for appellant, John H. Robinson.

William J. Miner (Charles H. Sturges, of counsel), for respondent, W. W. Blackmer.

PER CURIAM. This is an appeal by John H. Robinson, a judgment creditor subsequent to the judgment of the plaintiff, from an order denying his motion to set aside the judgment obtained by the plaintiff on the confession of the defendant. The statement on which said judgment was entered recites the facts out of which the debt arose as follows:

"This confession of judgment is for a debt and liability justly due to the said plaintiff, arising upon the following facts, viz. being for a balance due for goods, wares, and merchandise sold and delivered to me, Fred C. Greene, by the plaintiff, William W. Blackmer, and remaining unpaid and unsecured."

This statement, we think, is insufficient to meet the requirements of section 1274 of the Code of Civil Procedure, under doctrines established in Wood v. Mitchell, 117 N. Y. 439, 22 N. E. 1125. In that case the statement on which the judgment was obtained was as follows:

"The said sum of $5,000 is a balance due to said plaintiff of various sums of money loaned and advanced by him to me, the said defendant, during a period from July 1, 1886, to date, and includes interest upon such loans and advances to this date."

It was held to be too indefinite and deficient to meet the requirements of the Code of Civil Procedure, and that the denial of a motion on the part of a subsequent judgment creditor to set aside the judgment was error. The statement in the case cited sets out the facts out of which the debt arose as fully and definitely as the one under consideration; and under the doctrine established by the court of

47 N.Y.S.—8

appeals in Wood v. Mitchell, supra, it is impossible to hold the statement under consideration sufficient.

The case of Critten v. Vredenburgh, 4 App. Div. 216, 38 N. Y. Supp. 542, and 151 N. Y. 536, 45 N. E. 952, does not lay down any different doctrine from that stated in Wood v. Mitchell, supra. In Critten v. Vredenburgh the statement on which the judgment was entered was as follows:

"That between the 1st day of March, 1893, and the 1st day of October, 1895, the plaintiffs, as co-partners, loaned and advanced to the defendant divers and sundry sums of money, which he agreed to repay with interest, and did and performed work, labor, and services for the defendant, in selling merchandise upon commission, and guarantying the accounts for the same, and that on the 1st day of October, 1895, there was an adjustment of the accounts between the plaintiffs and defendant concerning the said matters, and that the sum of $19,879.02 was found due the plaintiffs, which the defendant agreed to pay, with interest."

The statement was held sufficient, because it set forth an account stated, on the authority of Broisted v. Breslin, 5 N. Y. St. Rep. 67, 105 N. Y. 682, the court assuming that, without the averment of an account stated, the statement, which was similar to that under consideration, would have been insufficient. In that case, in the opinion of the court of appeals, the court, referring to the case of Wood v. Mitchell, says:

"That statement was quite different in its effect from the one in question. Its facts were peculiar, and we were quite warranted in holding that their indefiniteness vitiated the confession of judgment. The statement was vague, while the present one sets forth, similarly to a pleading, an account stated upon a certain day, and claims interest upon the sum then found to be due upon the adjustment of accounts from that day."

It will thus be seen that the statement in the case cited was sustained on the ground that it averred an account stated. As against the appellant, we are of opinion that it would not be proper to allow an amendment of the statement on which the judgment was granted. See Bradley v. Glass, 20 App. Div. 200, 46 N. Y. Supp. 790.

The order should be reversed, with costs and disbursements, and the motion to set aside the judgment granted, with $10 costs.