WILD v. PORTER, Sheriff.

(Supreme Court, Appellate Division. Third Department. November 10, 1897.)

JUDGMENT BY CONFESSION—SUFFICIENCY OF STATEMENT.

A statement for judgment by confession, alleging that prior to a certain date defendant was indebted to plaintiff's assignor·for money loaned him by her, and for interest accrued thereon; that on such date they settled and adjusted the amount due, and fixed it at a certain sum, for which defendant gave his note, bearing date of that day, and payable to the assignor's order,

with interest; and that prior to the confession such note had been, for value, transferred by the assignor to plaintiff, a copy of the note being set forth,—was sufficient.

### Appeal from trial term.

Action by Luzerne A. Wild, as executor of the last will and testament of Allen Wild, deceased, against William C. Porter, sheriff of Delaware county, to replevy certain property taken by the defendant, as sheriff of Delaware county, upon an execution against one W. D. Aylesworth, in favor of George Cornell. The plaintiff claims that he held the property as a mortgagee in possession, under a chattel mortgage given by Aylesworth, bearing date April 5, 1893, to secure a debt due in one year therefrom, and that he had advertised to sell such property under such mortgage on May 24, 1895; that on May 23, 1895, a judgment was confessed by Aylesworth to Cornell, and execution issued thereon: that upon the same day the defendant, as sheriff, levied such execution upon the property, then being in plaintiff's possession, and took it from him, and still unlawfully withholds the same. The chattel mortgage under which plaintiff claims was never filed in the town where the mortgagor Aylesworth resided, and the defendant therefore, upon the trial, claimed that it was utterly void as against Cornell, the judgment creditor. To this claim the plaintiff replied that the confession of judgment was void upon its face, and, moreover, that it was not rendered until after the mortgaged property had been taken possession of by himself as mortgagee. Upon the close of the evidence, the trial court held that the judgment and execution were utterly void, and directed a verdict in favor of the plaintiff, and submitted no question to the jury except the value of the property taken by the sheriff. The jury rendered a verdict for plaintiff, and assessed the value of the property at $425. The defendant's counsel thereupon made a motion for a new trial upon the judge's minutes, which was entertained and denied; and from the judgment entered upon such verdict, and from the order denying a new trial, this appeal is taken. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

James R. Baumes, for appellant.

Andrew G. Washbon, for respondent.

PARKER, P. J.    This case was decided solely upon the ground that the judgment under which defendant justified the levy complained of was utterly void. The question as to whether the plaintiff had, in fact, taken possession of the property before the levy, was not considered by the court or the jury. Nor were the questions whether George Cornell was a creditor of Aylesworth, the mortgagor, prior to the confession of this judgment, and, if so, how long he had been such; nor whether the indebtedness for which the judgment was confessed had existed against Aylesworth prior to his default in the payment of the mortgage, or the taking possession of the property by the mortgagee,—at all considered or discussed by either party upon the trial. The whole case turned upon the construction and effect which the trial court gave to the confession of judgment, and, inasmuch as we have reached the conclusion that such confession was sufficient, we think a new trial should be granted, without discussing the condition of the case, upon the theory that such judgment is a valid one.

The confession of judgment in this case contains, in substance, the statement that prior to November 26, 1894, W. D. Aylesworth was indebted to Mary M. Aylesworth for money loaned him by her, and for interest accrued thereon; that on such date they settled and ad-

justed the amount due, and fixed it at the sum of $250, for which W. D. Aylesworth gave his note, bearing date on that day, and payable to her order, with interest.   A copy of the note is also set forth, and the further statement that, prior to the confession, such note had been, for value received, transferred by Mary M. Aylesworth to Cornell. Without attempting to analyze and reconcile the various decisions upon this subject, it is sufficient to say that within the case of Critten v. Vredenburgh, decided by this court, and reported in 4 App. Div. 216, 38 N. Y. Supp. 542, and affirmed in 151 N. Y. 536, 45 N. E. 952, the above confession is clearly sufficient.   The trial court therefore erred in holding it insufficient and the judgment void.

For the reasons above stated, the judgment and order appealed from must be reversed, and a new trial granted; costs to abide the event.   All concur.