(25 Misc. Rep. 51.)

MATHER v. MATHER.

(Supreme Court, Special Term, Kings County.  October, 1898.)

1. CONFESSION OF JUDGMENT—SUFFICIENCY OF STATEMENT.

Under Code Civ. Proc. § 1274, requiring defendant, on confessing judgment, to file a statement stating concisely the facts out of which the debt arose, a statement that defendant has from time to time borrowed money from plaintiff, and there is now due or to become due a stated sum, for which plaintiff holds notes, which are set out, is insufficient to support a confession of judgment on such notes, since it merely states conclusions, and the setting out of the notes alone is insufficient.

2. SAME.

Under said provision the statement of facts should be so precise that any one can therefrom calculate the amount due, with interest.

Action by Mary J. Mather against William A. Mather.  There was a judgment for plaintiff by confession, and defendant's creditors moved to vacate it.  Granted.

The written statement, under Code Civ. Proc. § 1274, on which the judgment was entered, was as follows, viz.: "The defendant has from time to time borrowed of the plaintiff money, and there is now due and to become due to this plaintiff from the defendant aforesaid the sum of forty-two hundred dollars ($4,200), for cash borrowed, and interest thereon, for which plaintiff holds two promissory notes of this defendant, copies of which are hereunto set forth, viz."; two promissory notes by the defendant to the plaintiff, one for $2,600, dated April 1, 1897, and the other for $1,600, dated April 1, 1898, each payable in one year, being then set out.  The statement was verified May 14, 1898.

H. B. Bradbury, for the motion.
John W. Furman, opposed.

GAYNOR, J.  The statement for judgment is insufficient.  The requirement that "it must state concisely the facts out of which the debt arose" (Code Civ. Proc. § 1274) was not fulfilled.  The statement is principally of legal conclusions instead of precise facts by day, date and amount from which the legal conclusions could be drawn that the defendant loaned specific sums to the plaintiff, and that of the same the sum confessed has not been paid back.  The statement that "there is now due and to become due" a sum named is a conclusion of law, and there being no statements of fact from which such conclusion may be calculated and drawn it is nugatory. There should be a statement of facts so precise that any one could therefrom figure out and state the amount unpaid and calculate the interest thereon.  No one can read the varying decisions upon the subject with entire satisfaction, but I think the foregoing must be the rule.  Wood v. Mitchell, 117 N. Y. 439, 22 N. E. 1125.

The promissory notes without a statement of facts showing an indebtedness for the amounts for which they were given are insufficient (Chappel v. Chappel, 12 N. Y. 215), though it seems that an account stated without any facts to show what the indebtedness arose out of is sufficient (Critten v. Vredenburgh, 151 N. Y. 536, 45 N. E. 952).  I do not for the moment perceive the distinction.

The motion is granted.