(43 App. Div. 6.)

### FIRST NAT. BANK OF CAMDEN v. CARLETON et al.

(Supreme Court, Appellate Division, Fourth Department. July 18, 1899.)

CONFESSION OF JUDGMENT—STATEMENT—SUFFICIENCY.

A confession of judgment which states that "this judgment is for money due to the said plaintiff from me, and the following is a concise statement of the facts out of which the debt arose, constituting the said liability," and setting forth a copy of the note and debtor's indorsement, and which states "that the note was duly protested at said bank [plaintiff] after hav-ing been indorsed by me. Said note was at maturity not paid, and was thereupon duly discounted, and now remains wholly unpaid, and there is now due from me thereon to said plaintiff the sum of $80.39, and the sum confessed therefor is justly due,"—is sufficient, under Code Civ. Proc. § 1274, which provides that the statement on which a court will permit a confession of judgment must state concisely the facts out of which the debt arose, and must show that the sum confessed therefor is justly due or to become due.

McLennan and Spring, JJ., dissenting.

Appeal from special term, Onondaga county.

Confession of judgment by Charles Carleton in favor of the First National Bank of Camden. From an order denying a motion by Oliver Howard to vacate the judgment (57 N. Y. Supp. 674), he ap-peals. Affirmed.

The statement and confession are as follows:

"I, Charles Carleton, of the town of Camden, Oneida Co., N. Y., the defend-ant named in the above-entitled action, do hereby confess judgment in favor of the First National Bank of Camden, N. Y., the plaintiff therein named, for the sum of eighty and 38/100 dollars, and do hereby authorize said plaintiff to enter judgment therefor against me. This confession of judgment is for money due to the said plaintiff from me, and the following is a concise statement of the facts out of which the debt arose, constituting the said liability. On a certain promissory note, of which the following is a copy: '$68.91. Camden, N. Y., December 26, 1895. Three months after date I promise to pay to the order

of Charles Carleton sixty-eight and $^{91}/_{100}$ dollars, at the First National Bank of Camden, N. Y.   James Carleton.   Value received, with interest.   [Indorsed] Charles Carleton,'—which said note was duly protested at said bank after having been indorsed by me.   Said note was at maturity not paid, and was thereupon duly discounted, and now remains wholly unpaid, and there is now due from me thereon to said plaintiff the sum of $80.39, and the sum confessed therefor is justly due."

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and NASH, JJ.

A. C. Woodruff, for appellant.

Davies, Johnson & Coville, for respondent.

NASH, J.   The fact stated in the confession, that the note was duly discounted by the bank, implies that the note was indorsed by Carleton to the bank, and presented in the usual course of business for discount; that it was taken by the bank before maturity, and the amount thereof, less the discount, paid over the counter of the bank to the customer presenting the note for discount.   The whole transaction between the indorser and the bank is stated, when it is said that the note was duly discounted.   That, together with the note set out in the confession in full, reciting that the note was not paid at maturity, that it remains wholly unpaid, and the amount thereof due from the indorser to the bank, constitutes the required statement of "facts out of which the debt arose."   By the language of the commercial world, a "discount" by a bank means, ex vi termini, a deduction or drawback made upon its advances or loans of money upon negotiable paper, or other evidences of debt, payable at a future day, which are transferred to the bank.   9 Am. & Eng. Enc. Law (2d Ed.) 468.   To "discount" means to lend or advance the amount of a security, deducting interest.   Com. v. Commercial Bank of Pennsylvania, 28 Pa. St. 396.   The origin and consideration of the note must be stated on confession of judgment by the maker, but, as the indorser is holden without any consideration moving to him, none need be stated.   The object of the statute in requiring a detailed statement of the facts and circumstances out of which the indebtedness arose is to inform other creditors of the dealings and transactions which had taken place between the parties to the judgment, that they might ascertain by proper inquiry that the indebtedness was real and not fictitious, and satisfy themselves, if such was the fact, that the judgment was based on a good consideration, and valid in law.   This requirement is not only here fully met by the statement, but the records of the bank afforded the fullest opportunity to the other creditors to ascertain by proper inquiry the particulars of the transaction.   The confession states that the note was not paid at maturity, and that it remained wholly unpaid, and the amount thereof was then due from the indorser to the bank.   The indorser could have waived a defense of want of demand and notice, but it is plainly to be inferred that the note was protested; the statement that it was not paid at maturity, and thereupon "duly discounted," being evidently intended for "duly protested."

Order affirmed, with $10 costs and disbursements.   All concur, except McLENNAN and SPRING, JJ., dissenting.

SPRING, J. (dissenting).　The statute permitting a confession of judgment requires, among other things, that the statement "must state concisely the facts, out of which the debt arose; and must show, that the sum confessed therefor is justly due, or to become due." Code Civ. Proc. § 1274.　This statute confers a benefit upon the judgment creditor, in that it gives him a preference over other creditors whose claims are fully as equitable as his own, and for that reason it must be construed with a reasonable degree of stringency.　The "facts out of which this debt arose" involve a transaction between some one and the bank, whereby the bank became vested with the ownership of the note.　The confession does not state by whom or when the note was negotiated.　If it was delivered over to the plaintiff, then something was done to invest the transaction with validity. Perhaps the maker may have transferred the note to the plaintiff in the confession.　If so, what occurred?　Was he paid something, and how much?　What was the transaction?　That constitutes the gist of a valid confession, and no fact whatever is embodied in this one to support a claim against the indorser.　If the indorser negotiated the note, was there any consideration for its indorsement or for the transfer, and what was his transaction with the bank at the time it received the note?　Was any money whatever paid to the maker or indorser at the time of this transfer?　For aught that appears, a culpable deal may be contained in it.　The avails of the transfer may have been used to pay a debt of the wife of the maker or indorser at the bank, and the transaction may have occurred on the very day the confession was executed, and for the purpose of covering up some iniquity.　The other creditors are entitled to know precisely what took place when the alleged liability arose, so that they may begin their investigation with knowledge of the facts warranting the judgment from the view point of the parties to the confession.　To discount is to abate in advance from the sum paid in a business transaction.　"Duly discounted," "duly indorsed," "duly negotiated," "justly due," and kindred terms, are conclusions deducible from certain stated facts, and of themselves convey no precise meaning, and each covers a wide range in its compass.　Whatever sum the bank deducted, to whomsoever the money for the transfer was paid, or for what purpose, would bring it within the elastic expression "duly discounted."　However reprehensible the transaction, an indictment for perjury could not be based upon this confession.　In Wood v. Mitchell, 117 N. Y. 439, 22 N. E. 1125, where the confession was more closely within the Code requirements than the present one, the court say:

"The concise statement of facts out of which the indebtedness arose is required, so that any party interested may be able to investigate the matters, and thus ascertain whether the confession of judgment was accurate, honest, and bona fide. It may also be supposed that it was the purpose of the legislature that the statement of facts should be so definite that the affiant would be exposed to punishment for perjury in case of any misstatement."

As was said in Bank v. Doty, 41 Hun, 79:

"The statute looks, not at the evidence of the demand, but at the facts from which it originated,—in other words, to the consideration which sustains the promise.. The law requires this to be concisely set forth in the statement

which is to form a part of the report, and in this way only does the provision furnish any additional security to creditors against the fraudulent combination of the parties to the judgment."

See Dunham v. Waterman, 17 N. Y. 9; Purdy v. Upton, 10 How. Prac. 494.

The note in this case is a mere incident. The contract upon which the plaintiff relies is that of indorsement, supplemented by its title to the note by the transfer. The only statement upon which the confession can rest is that "said note was duly discounted at said bank after having been indorsed by me." That is too inadequate a statement of fact to pass muster. However defective the statement, the books of the bank might show an honest transaction, and a valuable consideration for the transfer to it; but that will not sustain the confession. Where the confession is based upon a promissory note, without any supporting fact, the slightest investigation may show the note represents just what it imports; but the statement does not contain the essential facts, and it will not be upheld, although the transaction itself may be genuine and resting on a good consideration. The order should be reversed, with costs.

McLENNAN, J., concurs.