FULLER et al. v. STRAUS et al.

(Supreme Court, Appellate Division, First Department. November 17, 1899.)

CONFESSION OF JUDGMENTS—STATEMENT—FALSITY.

> A statement on which a confession of judgment was made recited that prior to and on the 1st day of December, 1890, plaintiffs, as executors of a deceased member of defendant firm, had on deposit as a loan and advance with said defendants, $30,000, which defendants agreed to pay according to an agreement, which they failed to comply with. At the date above mentioned plaintiffs, as such executors, had a settlement with the other members thereof, and it was found that there was due the estate of deceased the sum of $30,000. *Held,* that the confession was not false and untrue, in that it was stated that plaintiffs had on deposit as a loan and advance with defendants the sum of $30,000, since plaintiffs were entitled to the money on the date mentioned, and by permitting it to stay in the firm it was clearly loaned.
>
> Ingraham, J., dissenting.

Appeal from special term, New York county.

Action by Isaiah Fuller and another against Ferdinand Straus and another, as executors of the estate of Jacob Ballin, deceased, to set aside a confession of judgment. There was a judgment for plaintiffs, and defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Charles Strauss, for appellants.
Frank Walling, for respondents.

RUMSEY, J. The plaintiffs, as judgment creditors of the firm of Ballin Bros., brought this action to set aside a confession of judgment made by the members of the firm to the executors of Jacob Ballin. Upon the trial the learned justice at special term held that the confession was false and untrue, and that because of such falsity it was fraudulent as to the plaintiffs, and he directed a judgment setting it aside. From that judgment this appeal is

taken. The statement upon which the confession was entered is as follows:

"Prior to and on the 1st day of December, 1890, the above-named plaintiffs, as such executor and executrix, respectively, had on deposit as a loan and advance with the said defendants and Julius P. Baumann, who together constituted the firm of Ballin Bros., doing business in the city of New York, the sum of thirty thousand dollars; that the said defendants, as such co-partners, together with said Julius P. Baumann, agreed to pay $5,000 during the year 1891 and $5,000 during every year thereafter until the whole sum should be fully paid, and also agreed to pay interest thereon at the rate of 6 per cent. per annum; that since said date the said defendants have paid to the plaintiffs $20,000 on account of the said sum of $30,000 in various installments, and also the interest thereon to November 1, 1896, leaving due and owing on the 1st day of November, 1896, by the said defendants, as such co-partners, to the said plaintiffs, the said sum of ten thousand dollars, with interest from November 1, 1896, the whole of which is now justly due and owing, with interest as aforesaid, and which amounts together to the sum of ten thousand and sixteen $^{67}/_{100}$ dollars, the payment of which latter sum has been duly demanded by the plaintiffs from the defendants, but no part of which has been paid."

The facts are that in April, 1887, Jacob Ballin, who was then one of the firm of Ballin Bros., died, leaving the two appellants here his executors. They qualified, and in the month of December, 1887, they had a settlement with the other members of the firm of Ballin Bros., at which time it was found that there was due to the estate of Jacob Ballin something over $32,000, and an arrangement was made between the parties so that that amount should not be withdrawn from the firm, and the executors were promised a certain proportion of the profits of the firm as a consideration for permitting it to stand there. It was agreed, however, that after the 1st day of December, 1888, the executors might withdraw it. They did not take any steps to do so until the 1st of December, 1890, at which time they made a contract with the firm by which it was agreed that there was then standing to the credit of the estate of Jacob Ballin $30,000, and that the amount might remain with the firm of Ballin Bros. "upon the following conditions: That the firm of Ballin Bros. agreed to pay to the executors 6 per cent. interest in monthly installments, and $5,000 on the principal sum each year until the whole amount of $30,000 should all be paid. The sum of $5,000 a year and interest was not paid as provided by the defendants' agreement, and on the 11th day of November, 1896, the judgment was entered upon this confession for the sum of $10,016, with costs and disbursements.

The plaintiffs complain, in the first place, that nothing was due upon this agreement at the time this confession was made. This is manifestly incorrect. That there was owing from the firm of Ballin Bros. to the executors of Jacob Ballin the sum of $30,000 on the 1st of December, 1890, cannot be denied. That sum they were entitled to have paid to them at that time. They consented that it might stand unpaid only upon the condition that certain payments should be made as specified in the contract. So long as those payments were so made, the debt was not payable, but just so soon as the debtors failed to pay according to the contract the condition was broken, and the creditors were in a situation to say that the amount

should no longer remain in the firm. When they said that, and when the other parties had agreed to it, the amount then unpaid became due, and the confession was proper in that regard. It is claimed, too, that the confession of judgment was actually false, in that the executors had not had at any time on deposit as a loan or advance with the firm of Ballin Bros. the sum of $30,000, as stated in the agreement of the 1st of December, 1890, and it was because of this alleged falsehood that the learned court below held that the confession was, as a matter of law, fraudulent as against the plaintiffs. By section 1274 of the Code the statement upon which a confession of judgment is based must state concisely the facts out of which the debt arose. This is required so that any person interested in the confession of judgment, either as a creditor or as a subsequent incumbrancer, may inform himself by a resort to the statement itself as to precisely the consideration upon which the judgment is based. Whenever the facts stated in the confession are such as to afford that information, it must be held that the confession is sufficient. In the case of Critten v. Vredenburgh, 151 N. Y. 539, 45 N. E. 952, the confession stated that the debt was for money loaned and advanced to the plaintiff and property sold, and it stated a resulting indebtedness; and the court held that it fairly appeared from the statement what the origin of the debt was, the statement was sufficient, and the judgment was valid. In the case of Freligh v. Brink, 22 N. Y. 419, the statement alleged an indebtedness upon a promissory note, giving the date and the amount for which the note was originally made, and adding, "That amount of money being had by the defendant of the plaintiff," and the court held that the statement was sufficient. When it appeared that the note was given for so much money, and that a certain amount—which was less than the amount advanced upon the note—was justly due from the debtor, it was sufficiently shown that the money was due by the debtor under a contract to repay it. In Bank v. Doty, 41 Hun, 76, the confession was stated to be upon certain promissory notes, describing them, and the statement continued that those notes were given to the plaintiff for moneys loaned and lent to the defendant. It was held in that case that the statement was not sufficient, because the precise amount of money loaned was not made to appear. A comparison of that case with the case of Freligh v. Brink, supra, will show, not only the reason for the strictness with which the courts have held that certain information must be put into the statement, but also the extent to which that rule must be followed. In the case at bar the particular objection is that $30,000 was not on deposit as a loan or advance. It must be conceded that that amount of money was never physically taken out of the pockets of the executors of Jacob Ballin, and handed over to the firm of Ballin Bros., but the executors of Jacob Ballin actually had that amount of money due them from the firm of Ballin Bros., which they were entitled presently to receive, so that they were in a situation to insist at the particular time when the contract was made that this sum of money should be actually taken from the assets of Ballin Bros., and paid over to them; and, if that had been done, and the

identical money, immediately on being paid, had been returned by the executors of Jacob Ballin to the firm of Ballin Bros. upon their same agreement to repay it that was made there, there can be no doubt that it would have been strictly true, in fact as well as in law, that they had there on deposit as a loan or advance the sum of $30,000. The fact that they did not insist upon their right to have the money actually paid over to them in specie, for the purpose of paying it immediately back again, did not, in the slightest degree, affect the truth of their statement that they had there a loan and advance to that amount. If they had been paid in the checks of Ballin Bros., which had been deposited in bank to the credit of the executors, and they had in return at once given their check to Ballin Bros. for the same amount, which had been deposited in the same bank to the credit of Ballin Bros., so that one check offset the other, the transaction would actually have constituted a loan. Did it make any difference that, instead of going through that formality, they accepted the situation as it stood, and made a contract based upon their actual legal rights? When they were entitled to have the $30,000, and permitted it to stay there, it was clearly loaned, and, if they had taken for it a note upon an agreement to pay more than 6 per cent. interest, it would clearly have been a usurious note. The case in that regard is not unlike that of Copper Co. v. Lowther, 38 App. Div. 134, 56 N. Y. Supp. 538. The plaintiff there had agreed to lend to another corporation "$25,000 in cash," and defendants had guarantied its payment, but the principal debtor made default, and the defendants were sued on their guaranty. It appeared that, instead of actually advancing to its debtor "$25,000 in cash," the plaintiff had credited the debtor with a prior loan of $3,000, and only paid $21,000 in cash, and the defendant sureties set up this alleged modification of the contract, and claimed that it discharged them. The court held that the transaction was not a modification of the agreement to advance $25,000, but was a performance of it, because the legal effect of the credit was the same as though the sum of $3,000 had been actually paid on by the plaintiff, and at once returned to it in satisfaction of the debt. The real rights of the parties were precisely expressed by the contract that they made, reciting, in substance, that they had on deposit as a loan with that firm that sum of money, and the strict rule, even as to confessions of judgment, is not so hypercritical that, when the statement represents the substantial truth of the matter between the parties, as the law looks at it, it will be set aside as false. The Code of Civil Procedure requires that the complaint shall contain a plain and concise statement of the facts constituting the cause of action. It is quite clear that, if this confession had been stated in the form of a complaint, it would have been sufficient, as actually stating the facts constituting the cause of action. In the case of Mather v. Mather (Sup.) 55 N. Y. Supp. 973, it was said that such a statement of facts as is required by the Code in a complaint was a sufficient compliance with that requirement of section 1274 of the Code, which says that the statement on which the confession of judgment is made must state concisely the facts out of which the debt arose. It is not necessary to go to that extent to sup-

port this statement, although it is not unfair to infer that whatever would be such a plain and concise statement of the facts constituting the cause of action as would be sufficient in a complaint would constitute a concise statement of the facts such as would support a confession of judgment. Whatever necessarily arises by implication of law from the situation of the parties may be a fact as well as though it represented an actual transaction, and when the parties have done that which in law constitutes a certain thing, it is clearly not false to speak of it as that thing; so that, if they have between themselves so transacted their business that the result of the whole transaction is a loan of money, they cannot be accused of falsity in saying so in so many words, and not stating the actual transactions which led up to the legal implication.

For these reasons the statement was, as we think, sufficient, and the learned judge erred in holding that it was false and untrue, and therefore the judgment must be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur, except INGRAHAM, J., who dissents.

BARRETT, J. I concur here with Mr. Justice RUMSEY. There is no question of the sufficiency of the statement, and a discussion upon that head is foreign to the real issues. The complaint proceeds wholly upon two charges: First, that the statements made in the confession were, as matter of fact, false and untrue, and were so made for the purpose of hindering, delaying, and defrauding plaintiffs in the collection of their demand; second, that the sum for which the judgment was confessed was not in fact due. In other words, the action proceeded upon the specific charge that the judgment was "fraudulently confessed." There is no suggestion anywhere in the case of an attack upon the confession because of insufficiency in the statement. Whether we treat the facts proved as evidencing a loan of money by the retiring partner to the new firm or as a deposit, the substantial fact is that the amount for which the judgment was confessed was honestly due. And it is hypercritical to dwell upon the legal characterization of the transaction. It certainly cannot with justice be asserted that a statement which erred, if at all, in the legal effect of undoubted facts, was false and fraudulent. That would be to confuse inaccuracy of definition or insufficiency of detail with untruth. There can be no doubt, treating this case secundem allegata et probata, that the judgment was wrong, and should be reversed.

INGRAHAM, J. I am unable to concur with Mr. Justice RUMSEY. By section 1274 of the Code it is provided that, to confess a judgment "a written statement must be made and signed by the defendant to the following effect: * * * 2. If the judgment to be confessed is for money due or to become due, it must state concisely the facts, out of which the debt arose; and must show that the sum confessed therefor is justly due or to become due." This provision requires that the statement shall "state concisely the facts out of which the debt arose," not a legal conclusion from facts that are not

stated. It is, therefore, not sufficient to state the particular obligation which represents the debt. Thus it has been held that it is insufficient to make a general statement that the indebtedness arose upon a promissory note setting forth and describing the same; the court saying:

"No one can determine from this statement the exact amount of money loaned for which each of the said notes was given which constituted the basis of the alleged indebtedness for which the judgment was confessed. * * * The statute looks not to the evidence of the demand, but to the facts in which it originated; in other words, to the consideration which sustains the promise." Bank v. Doty, 41 Hun, 76.

Thus, Judge Earl says in Wood v. Mitchell, 117 N. Y. 441, 22 N. E. 1126:

"The concise statement of facts out of which the indebtedness arose is required, so that any party interested may be able to investigate the matters, and thus ascertain whether the confession of judgment was accurate, honest, and bona fide."

Thus, under this statute, the facts out of which the indebtedness arose must be sufficiently definite to enable a person interested to determine that the sum for which the judgment was confessed was really an existing indebtedness, and is thus different from a pleading. The Code requires that a complaint must contain a plain and concise statement of the facts constituting a cause of action, but this provision of the statute is quite different. Here it is the facts out of which the indebtedness arose which must be stated, and not the facts which constitute the cause of action. Applying this test to the statement in question, I do not think that it complies with the statute. There is no statement of the facts out of which the debt arose. It is stated that prior to and on December 1, 1890, the plaintiffs had on deposit as a loan and advance with the defendants and Julius P. Baumann, who together constituted the firm of Ballin Bros., doing business in the city of New York, the sum of $30,000. This is a statement of an indebtedness, not a statement of the facts out of which the indebtedness arose. The time when the deposit was made is not stated. No information of the amount of the deposit or the conditions of the deposit is given. The statement upon which the judgment was confessed in Wood v. Mitchell, supra, was much more specific, but in that case the court said, "If this statement should be held sufficient, the statutory requirements would be substantially nullified." It seems to me that the case of Critten v. Vredenburgh, 151 N. Y. 539, 45 N. E. 952, and the other cases cited in the prevailing opinion are clearly distinguishable. In each of those cases the statement alleges the existence of an obligation for the payment of money, and states the consideration for which such obligation was given. Thus, in Critten v. Vredenburgh, supra, the statement alleged the existence of a stated account the consideration of which was money borrowed and merchandise sold to the defendant. This was held to be sufficient. In this case, however, there is no statement of such an obligation, but a simple statement that upon a day named an indebtedness existed in favor of the plaintiffs against the defendants for money as a loan and advance. There is nothing here from which

one interested could ascertain whether or not there was such an indebtedness. Nor do I think, upon the facts proven, that this was a true statement of the nature of the obligation for which the judgment was confessed. Here the plaintiffs had been in partnership with the defendants, and on a certain day named, upon an accounting, it was ascertained that the plaintiffs' interest in the co-partnership property amounted to the sum of $30,000. It would appear that such sum was the interest in the firm to which the plaintiffs were entitled at the dissolution of the co-partnership. The contract contemplated that this amount of money, the plaintiffs' interest in the co-partnership, should be withdrawn by installments. It might be said that that was a loan of money by the retiring partner to the new firm, but I do not see how this can in any way be said to be a deposit of money. It was not shown that this firm was then able to pay the money to the plaintiffs, or that the firm had at that time such sum of money in its possession. It seems to me that it gave an entirely erroneous idea of the real substantial transactions to describe it as a deposit of money. And one reading this statement would readily infer that at the time named the plaintiffs had deposited with the firm a sum of money, and there certainly was no such deposit.

I think that the judgment was right, and that it should be affirmed.