## In re BROWN.

### HUBBELL v. HARDY.

(Supreme Court, Special Term, New York County. February 28, 1916.)

1. JUDGMENT ⬤➞68—ON CONFESSION—FRAUD—VACATION—SUFFICIENCY OF EVIDENCE.

On application to vacate and set aside a judgment entered on confession, evidence *held* sufficient to show that the defendant's signature to its confession was obtained by fraud.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 113, 116, 118, 120, 123, 125, 127; Dec. Dig. ⬤➞68.]

2. JUDGMENT ⬤➞19—ON CONFESSION—STATEMENT—STATUTES.

Under Code Civ. Proc. § 1274, regulating the form of statement for a confession of judgment, the statement that the confession of judgment was for a debt justly due the plaintiff for "moneys loaned to defendant by plaintiff and for services rendered to defendant by plaintiff at defendant's request" was insufficient.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 74, 79; Dec. Dig. ⬤➞49.]

Action by Lambert Hubbell against Mary F. Hardy. Judgment on confession was entered for plaintiff, and defendant applies to vacate and set it aside. Motion granted.

John Reilly and Thomas T. Grace, both of New York City, for the motion.

Bloomfield Littell, of New York City, opposed.

COHALAN, J. Application to vacate and set aside a judgment of this court entered on the 11th day of March, 1915, on the ground that it was fraudulently obtained, and that the confession on which it was secured and entered was obtained by fraud. The judgment reads as follows:

"The undersigned, the defendant above named, does hereby confess judgment in this action in favor of Lambert Hubbell for the sum of two thousand one hundred fifty dollars ($2,150), and authorizes judgment to be entered against her. This confession of judgment is for a debt justly due to the plaintiff, arising upon the following facts: Moneys loaned to defendant by plaintiff and for services rendered to defendant by plaintiff at defendant's request."

[1] The defendant in the action, Mary F. Hardy, is an old lady, weak and penniless, now in her seventy-seventh year. The plaintiff, Hubbell, is her brother-in-law, and resides in the state of New Jersey. For seven years prior to January, 1915, the defendant resided in Los Angeles, Cal. Her husband, John Hardy, from whom she was separated, died December 9, 1913. She thereupon brought two actions: (1) For an admeasurement of her dower interest in the real estate of the decedent; and (2) for her support upon a written agreement executed and delivered by her husband during his lifetime. The first action was decided against her, but she was successful in the second, and on the 2d day of June, 1915, a judgment was entered in her favor

⬤➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for the sum of $961.31. It represented amounts due to her under and pursuant to the separation agreement. The judgment further provided that the defendants Douglas Matthewson and James P. Dymock be appointed trustees, and that a fund be set aside out of the estate of John Hardy, deceased, sufficient to pay Mary F. Hardy the sum of $15 per week, commencing from the 22d day of March, 1915. On the 11th day of March, 1915, four days prior to the trial of the action, a judgment was docketed and entered in the office of the clerk of New York county in favor of Lambert Hubbell against Mary F. Hardy for the sum of $2,150 upon a confession made therein by the defendant on the 10th day of March, 1915. Thereafter the plaintiff, by a third party order, examined one of the trustees in proceedings supplementary to execution. Upon the close of the examination a motion was made and an order entered for the appointment of a receiver. Under the provisions of that order the trustees were prohibited from paying or transferring any moneys in their possession· belonging to Mary F. Hardy to any one but the receiver, and it was directed that the said moneys should be applied in payment of the judgment of the plaintiff herein. Under the provisions of this order the defendant is now in dire circumstances, being entirely without funds, and living on the charity of her friends.

I am satisfied that she was imposed upon when she signed the confession of judgment, and that she believed it was an agreement to pay the legitimate expenses of Lambert Hubbell as a witness in the trial of the two actions, in which he hoped to recoup himself for money which he alleges he advanced to her many years prior thereto. The plaintiff makes a feeble showing in his effort to sustain this confession of judgment. In doing this he chooses to make charges against the moral character of this old woman, and not only goes back 43 years to do this, but by innuendo makes her a target for attack at this very time. He asserts that in 1873 he helped her to secure a separation agreement, for which at this time he considers, although not a lawyer, that he should be paid. He further states that at some indefinite time years ago, to the extent of $100, he helped her son out of some difficulty, for which advance he should be recouped. He claims that he made other loans to her—at what times, in what amounts, and under what circumstances apparently he is unable to state. He admits that he insisted upon compensation for his testimony to assist his sister-in-law to secure her legitimate rights under a separation agreement to which he had been a witness. He knew that she was in constant touch with her attorney at the time the confession of judgment was secured; yet, without being represented by counsel, in a hotel in Newark, N. J., he had prepared the necessary papers to further his scheme, and had her there sign them. Her claim is that she considered that she was signing an agreement to compensate the plaintiff for his services as a witness in the two actions which she had brought in this jurisdiction. It does not seem reasonable that this woman—impecunious and aged as she was—would divest herself of her only right of subsistence if she fully understood the nature of the transaction. The best that may be said of the plaintiff's conduct is that he took an unfair ad-

vantage of his sister-in-law at the time she most needed his aid and protection.

[2] Moreover, the statement on which the judgment was entered is insufficient to sustain the same. It is too indefinite and deficient to meet the requirements of section 1274 of the Code of Civil Procedure. Wood v. Mitchell, 117 N. Y. 441, 22 N. E. 1125; Chappel v. Chappel, 12 N. Y. 215, 64 Am. Dec. 496; Blackmer v. Greene, 20 App. Div. 532, 47 N. Y. Supp. 113, affirmed 154 N. Y. 749, 49 N. E. 1093; Utter v. McLean, 53 Hun, 568, 6 N. Y. Supp. 281. The case of Wood v. Mitchell, supra, is in some respects similar to the case at bar. In that case there was a confession of judgment for a debt justly due to the plaintiff for the sum of $5,000. It represented a balance of various sums of money loaned and advanced by the plaintiff to the defendant during a period from about July 1, 1886, to the date of the confession of judgment. The court, in discussing section 1274 of the Code, said with reference thereto:

"Many decisions construing section 383 of the Code of Procedure and section 1274 of the present Code have been made. But no decision has come to our attention holding that such an indefinite and deficient statement as the one here is sufficient. The concise statement of facts out of which the indebtedness arose is required, so that any party interested may be able to investigate the matters and thus ascertain whether the confession of judgment was accurate, honest, and bona fide. It may also be supposed that it was the purpose of the Legislature that the statement of facts should be so definite that the affiant would be exposed to punishment for perjury in case of any misstatement. This statement is in the highest degree indefinite. The moneys are alleged to have been loaned at various times during a period of nearly two years. There is absolutely no information as to the amount of the loans. They may have amounted to $10,000 or $100,000, the indebtedness having been reduced by payments or offsets to less than $5,000. No dates of the loans are given, and it is not stated how much of the $5,000 was for interest and how much for principal. The statement should, at least, have stated the interest and principal separately, or have given the data from which the amounts of the two items could be ascertained. If this statement should be held sufficient, the statutory requirement would be substantially nullified."

The confession of judgment was not only fraudulently obtained, but, in my opinion, it is fatally defective, and the motion therefore to set aside the judgment is granted.