(173 App. Div. 236)

## HUBBELL v. HARDY.

(Supreme Court, Appellate Division, First Department.   June 2, 1916.)

ASSIGNMENTS ☞98—RIGHTS OF ASSIGNEE AS AGAINST THIRD PERSONS—VACATION.

Defendant widow's assignment to plaintiff of her claim against her deceased husband's estate, a formal document properly executed, purporting to rest on sufficient consideration, and delivered to plaintiff, not being given in the course of any judicial proceeding, cannot be vacated and annulled summarily by motion of a third party founded upon affidavits; plaintiff being entitled to insist that any attack upon it shall be conducted by action legally instituted and prosecuted.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 176; Dec. Dig. ☞98.]

Appeal from Special Term, New York County.

Action by Lambert Hubbell against Mary F. Hardy. From an order on motion of Lilian M. Brown vacating an assignment from defendant to plaintiff, plaintiff appeals. Order reversed, and motion to set aside the assignment denied.

See, also, 93 Misc. Rep. 672, 157 N. Y. Supp. 497; 159 N. Y. Supp. 1102.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

Bloomfield Littell, of New York City, for appellant.
John Reilly, of New York City, for respondent.

SCOTT, J. On March 8, 1915, the defendant Mary F. Hardy executed and delivered to the plaintiff herein an assignment of said defendant's claim against her deceased husband's estate, to the extent of $2,150. The consideration for this assignment is claimed to have been the advancement of moneys to defendant. On March 10, 1915, said defendant confessed judgment in favor of plaintiff for the same amount. In October, 1915, defendant moved to set aside the judgment by confession. This motion was denied, and, so far as we are advised, no appeal was taken from the order denying it. In March, 1916, one Lilian M. Brown, a subsequent judgment creditor of the defendant, moved upon affidavits in this action (to which she is not a party) to set aside the above-mentioned assignment, and from the order granting her motion this appeal has been taken.

That the order was without authority we think there can be no question. The assignment is a formal document, apparently properly executed and purporting to rest upon sufficient consideration. It was not given in the course of any judicial proceeding. It is entirely irregular to vacate and annul it summarily by a motion founded on affidavits. If it is open to attack for any cause, plaintiff is entitled to insist that such attack shall be conducted by an action legally instituted and prosecuted according to the rules governing such an action.

The order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. Order filed. All concur.