(38 App. Div. 134.)

AMERICAN COPPER CO. v. LOWTHER et al.

(Supreme Court, Appellate Division, First Department. March 10, 1899.)

GUARANTY—RELEASE OF LIABILITY.
  Where repayment to a company of advances in cash to another is guarantied, the fact that part of the loan is made by satisfying a debt then due the company from a creditor of the borrower is not such a modification as will discharge the guarantors.

Appeal from trial term, New York county.

Action by the American Copper Company against George Lowther and others, impleaded with others. From a judgment of the trial term in favor of plaintiff (54 N. Y. Supp. 960), defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

John J. Crawford, for appellants.
Charles E. Miller, for respondent.

RUMSEY, J. On the 26th day of November, 1894, the Fairfield Copper Company delivered to the plaintiff its bond in the penal sum of $26,250, conditioned for the payment by it to the plaintiff of $25,000 on or before January 1, 1896. The defendants, by an instrument under seal, delivered at the same time, agreed to pay to plaintiff all damages it might sustain by reason of the failure of the obligor in the bond to pay it. The bond was not paid, and plaintiff has sued the guarantors, and recovered a judgment against them for the amount of the bond and interest, and the defendants appeal.

When the bond was given, there was made between the plaintiff and the Fairfield Copper Company an agreement by which the plaintiff agreed to advance to the Fairfield Company $25,000, for which the bond was to be made, and the bond recited the advance of that sum, which was the consideration for the giving of the bond. The defendants claim that this sum was not advanced to the Fairfield Com-

pany, and they say that the failure to advance it is such a material modification of the contract between the principal parties that the guarantors are discharged by it. The facts are not disputed. Before the making of the agreement bond of November 26, 1894, the parties had been negotiating for the loan of this money by plaintiff to the Fairfield Copper Company, and one Wood had advanced to that company $3,000, in expectation that the loan would be made. Whether this was known to the guarantors, who were officers of the Fairfield Copper Company, is disputed; but it is not material in the view we take of this case. At the time the bond was executed, plaintiff paid to the obligor $18,000. Four thousand dollars was paid on the draft of the Fairfield Copper Company, made a few days later. Wood was indebted to the plaintiff to an amount greater than $3,000, and the plaintiff, by arrangement with the Fairfield Copper Company, at the time the agreement was made, credited Wood with $3,000 on his debt; and Wood accepted that credit as a payment by the Fairfield Company of the $3,000 he had lent it a few days before. This made the full sum of $25,000. But defendants insist that the credit to Wood was not cash; and as, by the terms of the agreement and the recitals of the bond, the whole sum was to be advanced in cash, the making of the part of the loan by way of credit for a debt then presently due was not a compliance with the contract, and so modified it as to operate a discharge of the guarantors. In deciding this question, it is not necessary to examine the nature of the contract of suretyship, nor the extent of a modification of the original contract which will discharge the surety from his guaranty. Admitting the rules on this subject to be as strict as the defendants claim them to be, the question remains whether they apply to this case. Was the contract between the principals modified at all by the manner adopted of paying the $3,000 to the Fairfield Company?

It is not claimed that this sum of $25,000 was lent for any specific purpose. It was to be used by the Fairfield Company for such purposes as its necessities required. One of these necessities was the payment of this debt of $3,000 to Wood. If the Fairfield Company had received from plaintiff on November 26, 1894, its check for $3,000, which that company had at once delivered to Wood in payment of his debt, even a guarantor would admit that the transaction was an advance of money, such as would satisfy this contract. But this was the same thing in substance. It was not even, in point of fact, a modification of the agreement between the principal parties, but the contract they made was carried out. The manner of carrying it out avoided a useless transfer of money from the plaintiff to the Fairfield Company, and from it to Wood; but, in effect, it was a complete performance by the plaintiff of the contract to advance the $25,000 in cash, which means here a present advance of money to be used, as distinguished from an advance by way of notes or something to become available in the future. We think, therefore, that there was no modification of the contract of the principals, and that the defendants, as guarantors, are liable.

It is not intended to decide that a variation of the manner of performance of the agreement to lend $25,000 agreed on between the

principals would discharge the sureties, unless they were injured by it. That question is not involved in this case. We decide that there was no variation, and that the money was advanced as agreed, and it is therefore unnecessary to decide what the effect of a variation would be.

The judgment should be affirmed, with costs. All concur.