LUZERNE A. WILD, as Executor, etc., of ALLEN WILD, Deceased, Respondent, *v.* WILLIAM C. PORTER, Sheriff of Delaware County, Appellant.

*Statement on a confession of judgment.*

A statement contained in a confession of judgment to the effect that, prior to a day stated, the debtor was indebted to a person named for money loaned and interest thereon, that on the day stated the parties made a settlement, adjusted the amount due and fixed it at the sum of $250, for which amount the debtor thereupon gave his note. a copy of which was set forth, followed by a further statement that, prior to the confession, such note had been, for value received, transferred by the creditor to the person in whose favor the confession of judgment was made, is sufficient.

APPEAL by the defendant, William C. Porter, sheriff of Delaware county, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Delaware on the 13th day of May, 1897, upon the verdict of a jury directed by the court, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 13th day of May, 1897, denying the defendant's motion for a new trial made upon the minutes.

This action is to replevy certain property taken by the defendant, as sheriff of Delaware county, upon an execution against one W. D. Aylesworth in favor of George Cornell. The plaintiff claims that he held the property as a mortgagee in possession, under a chattel mortgage given by Aylesworth, bearing date April 5, 1893, to secure a debt due in one year therefrom, and that he had advertised to sell such property under such mortgage on May 24, 1895; that on May 23, 1895, a judgment was confessed by Aylesworth to Cornell and execution issued thereon; that upon the same day the defendant, as sheriff, levied such execution upon the property, then being in the plaintiff's possession, and took it from him and still unlawfully withholds the same. The chattel mortgage, under which the plaintiff claims, was never filed in the town where the mortgagor Aylesworth resided, and the defendant, therefore, upon the trial claimed that it was utterly void as against Cornell, the judgment creditor. To this claim the plaintiff replied that the confession of judgment was void upon its face, and, moreover, that it was not rendered until after the

mortgaged property had been taken possession of by himself as mortgagee. Upon the close of the evidence the trial court held that the judgment and execution were utterly void, and directed a verdict in favor of the plaintiff, and submitted no question to the jury except as to the value of the property taken by the sheriff. The jury rendered a verdict for the plaintiff and assessed the value of the property at $425. The defendant's counsel thereupon made a motion for a new trial upon the judge's minutes, which was enter-tained and denied; and from the judgment entered upon such ver-dict, and from the order denying a new trial, this appeal is taken.

*James R. Baumes,* for the appellant.

*Andrew G. Washbon,* for the respondent.

PARKER, P. J.:

This case was decided solely upon the ground that the judg-ment, under which defendant justified the levy complained of, was utterly void.

The question as to whether the plaintiff had in fact taken pos-session of the property before the levy was not considered by the court or the jury; nor were the questions whether George Cornell was a creditor of Aylesworth, the mortgagor, prior to the confession of this judgment, and, if so, how long he had been such; nor whether the indebtedness for which the judgment was confessed had existed against Aylesworth prior to his default in the payment of the mortgage, or the taking possession of the property by the mort-gagee, at all considered or discussed by either party upon the trial.

The whole case turned upon the construction and effect which the trial court gave to the confession of judgment, and inasmuch as we have reached the conclusion that such confession was sufficient, we think a new trial should be granted, without discussing the condition of the case, upon the theory that such judgment is a valid one.

The confession of judgment in this case contains, in substance, the statement that, prior to November 26, 1894, W. D. Aylesworth was indebted to Mary M. Aylesworth for money loaned him by her, and for interest accrued thereon. That on such date they settled and adjusted the amount due and fixed it at the sum of $250, for which

W. D. Aylesworth gave his note, bearing date on that day and payable to her order, with interest.   A copy of the note is also set forth, and it is further stated that, prior to the confession, such note had been, for value received, transferred by Mary M. Aylesworth to Cornell.

Without attempting to analyze and reconcile the various decisions upon this subject, it is sufficient to say that, within the case of *Critten* v. *Vredenburgh* (decided by this court and reported in 4 App. Div. 216, and affirmed in 151 N. Y. 536), the above confession is clearly sufficient.   The trial court, therefore, erred in holding it insufficient and the judgment void.   For the reasons above stated, the judgment and order appealed from must be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and a new trial granted, costs to abide the event.