(59 App. Div. 350.)

WILD v. PORTER, Sheriff.

(Supreme Court, Appellate Division, Third Department. March 6, 1901.)

1. JUDGMENT—CONCLUSIVENESS—PRIOR DECISION.
   On appeal in an action by a mortgagee of personal property against a sheriff to recover the property, taken by him on execution on a judgment by confession, the decision, on a prior appeal, that the judgment was sufficient, is conclusive.

2. CHATTEL MORTGAGES—VALIDITY—RECORDING—CHANGE OF POSSESSION.
   Where the attorney of the mortgagee in a chattel mortgage which was not filed went to mortgagor's tenant in possession of the property, and

told him that he took possession of the property under the mortgage, and told him not to let it go out of his hands without some authority from the law, the mortgage was invalid as to a judgment creditor of the mortgagor, under 3 Rev. St. (9th Ed.) p. 2013, providing for immediate delivery, followed by an actual and continued change of possession, or the filing of the mortgage in the town where the mortgagor resides.

Appeal from trial term, Delaware county.

Action by Luzerne A. Wild, as executor of Allen Wild, deceased, against William C. Porter. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

This action was brought to recover the possession of 15 cows and a mowing machine, or the value thereof, in case possession could not be had, against the defendant, who, as sheriff, levied on and sold the property by virtue of an execution. The plaintiff claimed the property under a chattel mortgage executed to his testator by W. D. Aylesworth on April 5, 1893, to secure $797, payable in one year from date. This mortgage was never filed in the town of Unadilla, in which town the mortgagor resided at the time of its execution, and the mortgaged property remained in the possession of the mortgagor. The defendant, as sheriff, justified his seizure of the property under an execution issued on a judgment by confession in favor of George Cornell against William D. Aylesworth, the mortgagor, in the supreme court, dated May 22, 1895, entered in Delaware county clerk's office May 23, 1895, for the sum of $257.29. On about May 20, 1895, the plaintiff, through his attorneys, commenced proceedings for the foreclosure of his chattel mortgage, and on that day posted a notice of the sale of the mortgaged property for May 24, 1895, and one of the attorneys went upon the farm of the mortgagor, which was in possession of a tenant, who had hired of the mortgagor the farm and the dairy, including the cows in question. The attorney inquired of Bowman, the tenant, where the cattle were, and Bowman told him they were in the pasture. There were other cattle in the lot where these cows were. Bowman pointed out to the attorney the cows mentioned in the mortgage, and the attorney said to Bowman that he (the attorney) took possession of the cows by virtue of the chattel mortgage, and told Bowman not to let them go out of his hands without some authority from the law. Bowman said to him,—"Probably they wouldn't go out of my possession, because I had hired them for a year." The cows thereafter remained on the farm in the actual possession of Bowman, the tenant, and the levy on them was made by the sheriff on May 23, 1895, while they were in Bowman's possession. On the sale by the plaintiff, under his mortgage, on May 24th, the cows and mowing machine were bid in by the plaintiff. They remained on the premises, and about a week thereafter were sold by the sheriff. At the close of the testimony, the court dismissed the complaint, and from the judgment entered thereon this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Andrew G. Washbon, for appellant.
James R. Baumes, for respondent.

EDWARDS, J. This action has been twice tried, and is here for the second time on appeal. On the first trial the court held that the judgment by confession was void, and directed a verdict for the plaintiff for the value of the property as assessed by the jury. This court, on appeal, reversed the judgment for the plaintiff, and granted a new trial, holding that the judgment by confession was valid. Wild v. Porter, 22 App. Div. 179, 47 N. Y. Supp. 1036. That decision as to the sufficiency of the judgment by confession must be regarded as conclusive on this appeal.

As against this judgment creditor, the chattel mortgage held by the plaintiff was absolutely void, there never having been any actual or continued change of possession of the mortgaged property, nor any filing of the mortgage in the town where the mortgagor resided. 3 Rev. St. (9th Ed.) p. 2013, §§ 1, 2. The plaintiff sought to avoid the consequences of the statute by claiming to have taken possession of the mortgaged property three days before the levy was made by the sheriff. Assuming that if he had taken possession of the property it would have been beyond the power of the defendant to levy upon it, it clearly appears from the plaintiff's evidence that no actual possession was taken by him. At the time of the levy the cattle were on the farm of the mortgagor in the possession of his tenant, who had three days before pointed them out to the plaintiff's attorney, who simply said that he took possession of them under the chattel mortgage. This was insufficient. Mere words and inspection cannot effect a change of possession. There must be an actual possession by the mortgagee,—a possession in fact.

The judgment by confession established the relation of creditor and debtor between the parties to the record and the amount of the indebtedness, and could only be impeached for fraud or collusion in its procurement. Candee v. Lord, 2 N. Y. 269; Acker v. Leland, 109 N. Y. 5, 15 N. E. 743; Carpenter v. Osborn, 102 N. Y. 552, 7 N. E. 823. There was but little, if any, evidence on this question, and none to be submitted to the jury. There was none from which they could reasonably infer that the judgment was fraudulently or collusively procured. The testimony of the judgment debtor, who was a witness for the plaintiff, instead of impeaching the judgment, showed that it was confessed on a note given on November 26, 1894, to his wife for full and fair consideration, for money theretofore borrowed of her and for indebtedness for rent.

The complaint was properly dismissed by the court, and the judgment should be affirmed, with costs. All concur.