In re MERZ.

DEGENER et al. v. BOYD.

Circuit Court of Appeals, Second Circuit.
January 13, 1930.

No. 103.

Spencer, Ordway & Wierum, of New York City (Otto C. Wierum, of New York City, of counsel), for appellants.

David W. Kahn, of New York City, for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). Auffmordt & Co. contend (a) that they were at all times in possession of the merchandise upon which Merz had agreed to give a lien; (b) that, even if the possession was in Merz, such possession was in the latter as agent for Auffmordt; (c) that the trustee in bankruptcy is not entitled to challenge the validity of the lien; (d) that Auffmordt in any event had obtained an equitable lien.

The real difficulty with the claim that Auffmordt had possession is that they had no power to exclude Merz. They did not hold the lease of the premises where the goods were stored, and they had no key to the premises. The signs on the floors where the merchandise was placed were those of Merz. No one going there to purchase goods would have had reasonable notice that Auffmordt had any interest in the premises. In Ommen v. Talcott, 188 F. 401, 404, we held that there was not ostensible possession sufficient to support a lien, even though the lease was assigned to the factor and the sales were made in his name. We characterized that transaction as "one of the innumerable schemes by which merchants have attempted to create liens on their goods, which shall be unknown to their creditors and shall not affect their credit, but which shall be enforceable if bankruptcy occurs. They are all based on the idea of giving notice enough to satisfy the law and not enough to inform the creditors."

In the later case of Boise v. Talcott, 264 F. 61, 63, we sustained the claim of the factor. But there the lease was assigned to the latter and the rent paid by him, a notice was placed in the office that "no goods are to be shipped from these premises by any one except the representative of James Talcott," written notice that Talcott was acting as banker was given to the customers, and man-

agement and conduct of the business was cared for by his representative, who was constantly at the place of businesss. At the entrance to the left was a large sign reading, "James Talcott Factor for Daly & Schaefer," and in the office nearest the entrance was a table, where Talcott's representative sat, with a sign on it reading "James Talcott." There was also evidence that the representative had a key, and opened and closed the premises. Moreover, the agreement between the parties provided that Daly & Schaefer should consign to Talcott all goods then owned and thereafter purchased by them, and that Talcott should have exclusive supervision and control of all such goods, which should be in the exclusive possession of said Talcott as factor and that all sales should be made by him.

In the case of In re Spanish-American Cork Products Co. (C. C. A.) 2 F.(2d) 203, 204, a bankrupt, who was a manufacturer of cork products, undertook to pledge certain of its materials in stock to a bank as security for loans. The property was placed in rooms in the bankrupt's plant nominally leased to an employee of the bankrupt, who, and a watchman, alone had keys to the rooms. Under instructions from the bank, the employee placarded the doors with signs: "Keep Out. Property of A. E. Nichol, Agent." Judge Woods, who wrote the opinion for the Circuit Court of Appeals of the Fourth Circuit, said:

"The necessary indication of possession varies, of course, according to the nature and bulk and situation of the property. The rule is the pledgee must either have actual exclusive possession of the property, or if it remains on the pledgor's premises he must so separate and mark it as to give notice of his possession to the public, who might deal with the pledgor on the faith of it. In this case the cork was in the building occupied by the bankrupt, engaged in the cork business. Those who dealt with it had a right to assume in the absence of notice that the stock of cork carried in the building for use in the business was the property of the company which was using it. There was nothing on the outside to put anybody on inquiry. The public dealing with the cork company or interested in it could not be required to search for notice of some other ownership of the stock of cork by making an obtrusive and prying inspection of the inside of the cork company's premises to find and inquire the meaning of the signs of agency of one of the bankrupt's employees. There is no binding nor well-considered case that goes to that length. It is the duty of the

pledgee to make such segregation and marks as will indicate his possession to business men of ordinary prudence dealing with the pledgor in the ordinary course of business."

In the case of an unfiled chattel mortgage the possession of the security holder must be to the exclusion of the beneficial owner, or the mortgage will be invalid against creditors. The same thing is true of a pledgee. Siedenbach v. Riley, 111 N. Y. at page 567, 19 N. E. 275; Steele v. Benham, 84 N. Y. 634; Cornelius v. C. C. Pictures, Inc. (C. C. A.) 5 F.(2d) 157; Wild v. Porter, 59 App. Div. 350, 69 N. Y. S. 839. Possession of Merz as agent for Auffmordt was not enough under the authorities to protect the latter's lien. Dickinson v. Oliver, 195 N. Y. 238, 88 N. E. 44; Cornelius v. C. C. Pictures, Inc. (C. C. A.) 297 F. 444.

Perhaps no case has better stated the rule that the possession of a pledgee must be exclusive, open, and (so far as the nature and situation of the chattels pledged will permit) actual, than In re Spanish-American Cork Products Co., supra. See, also, Security Warehousing Co. v. Hand, 206 U. S. 415, 27 S. Ct. 720, 51 L. Ed. 1117, 11 Ann. Cas. 789; H. K. Porter Co. v. Boyd (C. C. A.) 171 F. 305. It is clear that enough was not done in the present case to inform creditors of Merz that he had pledged all his property to Auffmordt. Their possession was neither exclusive nor open. While they showed willingness to give inquirers truthful information as to their relation to the goods of Merz, nevertheless a situation existed by the acquiescence of the parties, where Merz was in ostensible control of the business and merchandise at 257 Fourth avenue.

Section 45 of the New York Personal Property Law (Consol. Laws, c. 41), permitting notice of liens to be filed, was adopted in order to enable lienors, whose possession was not actual and ostensible, to protect their security by filing. Only two courses were in fact open to Auffmordt: (a) To give constructive notice to creditors by complying with the filing statute; (b) to give actual notice by maintaining a possession of the pledged merchandise that was open and notorious. Neither was adopted, and their lien consequently must fail.

The claim that the trustee in bankruptcy cannot challenge Auffmordt's rights is of no substance. As we hold that under the New York law a transfer of actual, open possession, or the filing of a notice of lien, was necessary as against creditors, the lien is void against the estate under section 67a of the

Bankruptcy Act (11 USCA § 107(a). Security Warehousing Company v. Hand, 206 U. S. 415, 27 S. Ct. 720, 51 L. Ed. 1117, 11 Ann. Cas. 789; Ommen v. Talcott (C. C. A.) 188 F. 401. And the trustee, who is armed with all the rights of a judgment creditor, may attack such a lien under section 47 of the same act (11 USCA § 75). In re Perpall (C. C. A.) 261 F. 858.

The contention that Auffmordt may reclaim the proceeds of the merchandise, because there was in any event an equitable lien, is contrary to settled legal principles. Casey v. Cavaroc, 96 U. S. 467, 24 L. Ed. 779; Fourth Street National Bank v. Milbourne Mills Co.'s Trustee (C. C. A.) 172 F. 177, 30 L. R. A. (N. S.) 552; In re Perpall (C. C. A.) 261 F. 858.

We should hardly have said as much, in view of the careful report of the master, except for the earnest contention of counsel for the appellant that the relations of the parties were misapprehended. After a careful reading of the testimony and consideration of the authorities, we are convinced that the order of the court below was right, and it is accordingly affirmed.